Hanh Nguyen
2131 E. Camero Ave.
Las Vegas, NV. 89123
702-752-8382

Plaintiff: in pro se

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| Plaintiff,<br><br>Name: Hanh Nguyen<br><br>    vs.<br><br>Name: Washington Mutual, Bank N.A; JP Morgan Chase Bank, N.A California Reconveyance Company; *; AND DOES, individuals 1 to 100, Inclusive; and ROES. Corporations 1 to 30, Inclusive;*<br><br>        Defendants | Case No. **2:11-cv-01799-LRH -RJJ**<br><br>Dept. No.<br><br>**FIRST AMENDED COMPLAINT**<br><br>1. Unfair Lending Practices-NRS 598 (D)<br>2. Deceptive Trade Practices<br>3. Wrongful Foreclosure<br>4. Conspiracy to Commit Fraud and Conversion<br>5. Inspection And Accounting<br>6. Negligent Infliction of Emotional Distress<br>7. Quiet Title<br>8. Breach of Good Faith and Fair Dealing<br>9. Unjust Enrichment<br>10.   Injunctive Relief<br>11.   Declaratory Relief<br>12.   Rescission |

### COMPLAINT

COMES NOW Hanh Nguyen, Plaintiff *In Proper Person,* and individual, and hereby submit her Complaint against the Defendants; Washington Mutual, Bank N.A; JP Morgan Chase Bank, N.A; California Reconveyance Company*;; AND DOES, individuals 1 to 100, Inclusive; and ROES. Corporations 1 to 30, Inclusive;*

## JURESDICTION AND PARTIES

1. Plaintiff is a resident and at all times material herein, has been and continues to be a resident of the County of Clark, State of Nevada.

2. Upon information and belief the Defendants, Washington Mutual, Bank N.A; JP Morgan Chase Bank, N.A; California Reconveyance Company; *AND DOES, individuals 1 to 100, Inclusive, and ROES, Corporations 1 to 30, Inclusive;* and all other persons and entities unknown claiming any right, title, estate lien, or interest in the real property described in the Complaint adverse to Plaintiff's ownership, or any cloud upon Plaintiff's title thereto. (hereinafter referred to as "Defendants") are mortgage bankers, loan servicers, and mortgage related service providers regularly and continuously conducting business in the State of Nevada at all times relevant hereto.

3. The true names and capacities of Defendants named herein and DOES Individuals 1 to 100, inclusive, and ROES Corporations 1 to 30, inclusive, whether individuals, corporations, or other entities are unknown to Plaintiff at the present time; however it is alleged upon information and belief, that these Defendants were involved in the initiation, approval, support, or execution of the wrongful acts upon which this litigation is premised, or of similar actions directed against the Plaintiff about which she is presently aware. As the specific identity of these parties are revealed through the course of discovery, the Plaintiff will ask leave of the Court to amend the Complaint so that

1    the DOES and/or ROES appellations will be replaced to

2    identify these parties by their true names and capacities.

3  4. This court has jurisdiction over the parties and the

4    subject matter herein, as the subject property in this

5    action and conduct of the parties is located in the State

6    of Nevada.

7  5. Jurisdiction is founded upon NRS 80.015, 80.210 et seg., as

8    this matter presents issues of State law, and this Court

9    has jurisdiction over the subject matter of this action

10    pursuant to Article 6, of the Nevada Constitution including

11    but no limited to, the Revised Nevada Statues.

12  6. This court also has jurisdiction based on "accidence of

13    residence" as defendants are domestic corporations

14    conducting business at all times relevant hereto within the

15    State of Nevada and licensed to a business in Nevada under

16    Nevada law. Furthermore Plaintiff is a resident of the

17    State Of Nevada; Upon information and belief, all

18    Defendants as herein named, including but not limited to;

19    *AND DOES, individuals 1 to 100, Inclusive, and ROES,*

20    *Corporations 1 to 30, Inclusive;* while foreign or domestic.

21  7. This court also has pendant jurisdiction over Plaintiff's

22    state law claims pursuant to NRS 13.010(1).

23  8. Venue is proper as the acts complained of occurred, in

24    substantial part, in the State of Nevada, the owner of the

25    subject property reside in the State of Nevada and at all

26    times relevant hereto, the Defendants were doing business

27    in Nevada.

28  9. Plaintiff is a resident of Clark County Nevada.

10.     At all times material and relevant hereto, Plaintiffs maintained primary residence in Clark County Nevada with the legal description of:

SPENCER RIDGE-UNIT 1 PLAT BOOK 63 PAGE 37 LOT 39 BLOCK
1/ SEC 14 TWP 22    RNG 61;
APN# 177-14-611-039

Plaintiff's primary residence as described above is commonly referred to and located at:

2131 E. Camero Ave. Las Vegas, NV 89123

11.     Upon information and belief, all Defendant parties herein are registered to do business in the State of Nevada.

12.     Upon information and belief, Defendant parties as named herein continue to conduct their business as described herein or are operating in a derivative capacity to further the agenda thereof, all to the detriment to Plaintiff so as to unlawfully seize the subject home without due process and are statutorily defective in doing so pursuant to NRS 170.080 et. seq. as State of Nevada applies.

## GENERAL ALLEGATIONS

1. Plaintiffs' general allegations are incorporated throughout the entire complaint.

2. That on or about SEPT 18, 2007, Plaintiff secured a loan by virtue of a First Deed and *Note* for the purpose of purchasing Plaintiff's residence located at: 2131 E. CAMERO

AVE. LAS VEGAS, NV. 89123 (hereinafter referred to as "Residence").

3. In Nevada home purchases are typically financed by mortgages or loans secured by a deed of trust and note which, when executed on behalf of the same entity and by the same entity as a "note and deed of trust", entitle the holder of the note and deed of trust to foreclose on the property of the borrower if the borrower is in default without legal recourse.

4. Defendants herein, entered into mortgages with deeds of trust and notes that were separated after the execution of the mortgages, the note was sold to an investor who literally and actually provided the funds for funding the loan given to the borrower. Prior to or immediately after the contract was signed by the borrower, the note was funded by a party other than the originator or servicer of the loan. The money is in fact, not the property of the bank, for it was created out of nothing.

5. Furthermore this complaint is based on the premise that the mortgage contract required both parties to provide a legitimate consideration for the exchange. State laws allow banks to lend money- not credit. It is well settled that the Defendants have not the power to lend its credit to another by becoming a surety, endorser, or guarantor. "Farmers and Miners bank v. Blue Nation Bank. 11f2d 83, 271 u.s. 669.

6. The Defendants did pool, package, and converted the documents into liquid securities passing the property from

1   bank to bank under the disguise shell of the Defendants
2   special purpose entity or (SPE). Thereafter dismissing the
3   usual procedures of Beneficial Corporate Assignment
4   recording with public constructive notice.
5   7. Securitizing the mortgages is the call to action from the
6      Defendants to remove the instruments from the banks
7      financial ledger. Due to the fact that the Defendants never
8      actually maintained, controlled or preserved their
9      beneficial interests with lawful conduct and disclosure, it
10     is by information and belief the Defendants Special Purpose
11     Entity (SPE) dissolved the validity of the Plaintiff's
12     mortgage through the course of the (SPE) operations.
13  8. In order to profit as much possible the Defendants
14     purposefully neglected the normal and lawful county
15     recording operation procedures to account for all
16     interested parties who hold title to the mortgage. The
17     Defendants violated Clark County mandates that affirm who
18     holds beneficial interest to the deed of trust. Instead the
19     Defendants privatized the documents into a digital system
20     where the Defendants traded the instruments, with premiums,
21     between each other with "excel spreadsheets" rather than
22     lawfully endorsing the notes, as required by their own
23     contracts and state law. The Defendants dismissed the
24     regulations for preserving their interests and created a
25     new secondary market for mortgage backed securities.
26  9. Due to the lack of legal standing the Defendants have
27     engaged in the retention "foreclosure mill law firms" who's
28     role is to provide the necessary documentation via forgery

or otherwise to purport the Defendants legal right to foreclose.

10.   Special Purpose Entity (SPE) or Loan Servicers or "Fraud Factories" do not make money through routine servicing because it's a break even business. Special Purpose Entity (SPE) make their money through foreclosure processing, fees and final retail housing sales. *The Defendants have combined the incentive to foreclose with systemized fraud* at the detriment and demise of the Plaintiff.

11.   The foreclosure in process was initiated against the Plaintiff by parties with no standing to commence or maintain any foreclosure proceedings and who were strangers to the purported loan transactions and which were and are unknown to the Plaintiff and, moreover, did not fund the loan of the Plaintiff and are not owed any funds to be repaid by the Plaintiff.

12.   The foreclosure on the Plaintiff's home as complained herein were initiated by Defendants who had and have no lawful right to initiate, advance or maintain any foreclosure action against the Plaintiff or the subject residence.

13.   ALL Defendants named herein, participated in a conspiracy to cause the Plaintiff to enter into instruments that would result in the foreclosure of her home, to initiate foreclosure on the Plaintiff's home without the right to do so; and the defendants have been unjustly enriched by the payments of the Plaintiff on the note and

1   further predatory practices to derive unjust compensation

2   for the sale of the property and the unlawful trustee sale

3   and conveyance of title on the subject property.

4   14.    The Defendants have engaged in "robo signers" who

5   names appear on thousands of legal Affidavits, which

6   further illustrate forgery and overt omissions. At

7   mediation the Plaintiff discovered that Defendant(s) had

8   used unlawful "robo signer" to further perpetuate

9   additional conspiracy by attempting to certify the validity

10  of the foreclosure, borrower, and specific location of the

11  subject residence.

12  15.    That the Defendants, disclosure was and to this day

13  not fully clarified and seemingly selectively processed so

14  as to secure the real estate loan (hereafter referred to as

15  "Loan") and as of today, *true* original and/or copy versions

16  of Application, and Promissory Notes whereabouts are

17  unknown and as Washington Mutual Bank N.A. is listed as

18  beneficiary among other Defendant parties as names herein

19  and soon to be discovered.

20  16.    That the terms and conditions of the loan as it would

21  progress through time was not fully explained to the

22  Plaintiff. It is "but for" the overzealous predatory

23  *"glittering generalities"* presented to the Plaintiff by and

24  of the agents of the Defendants within the various

25  protocols of the lending process, that this loan was

26  neither proper nor suitable for her condition and station

27  in life. The loan exceeded the reasonable expected value of

28  the property now and in the foreseeable future. As to this

date, there is no evidence of valid appraisal to justify
the loan much less the process.

17.    That while the Plaintiff was lead to believe the
representations made by the Defendants, it is only that
this loan was an attempt to acquire and promote, mortgage
broker premiums, alleged appraiser fees, lender service
fees, and to pay a sub prime loan, all to the advantage of
the Defendants and to the disadvantage of the Plaintiff.

18.    That on or about the 18th day of September, 2007,
Plaintiff entered into a Loan agreement with the
Defendant's and agents thereof, whereby a Promissory Note
and Deed of Trust were created to evidence Plaintiff's
indebtness to Defendant parties and unknown ROES, all the
while believing in good faith she was purchasing her "dream
home", when in reality, as these proceedings will come to
unveil, was a nightmare maze of predatory lending practices
bestowed upon the Plaintiff in bad faith and in violation
of State statues by the Defendant parties and in conspiracy
to commit fraud.

19.    That the Defendant(s), acted intentionally as the
"mortgage broker" or "lender", "trustee", "servicer" and
"securitizers" under the above-referenced Loan and also
real estate brokers and agents to further sell the property
unlawfully after the fact.

20.    That the Defendants did not generate a *true and
correct copies* of the Residential Loan documents, in
connection with Loan, or if a *true and correct copy* 1003A

1   and others was generated it has not been produced or a copy

2   of it cannot be located.

3   21.    That Defendants used fractional banking to engage in a

4   propel deceptive practices within the loan industry and in

5   violation of State laws and the Plaintiff's loan herein is

6   no exception. That Defendant(s), in separately and/or in

7   concert have attempted to abuse due process and mislead the

8   courts as to exercise bad faith foreclosure proceedings and

9   transfers of "Deeds Of Trust" all to severe detriment of

10  the Plaintiff.

11  22.    That the Plaintiff had no true understanding to re-

12  finance or to arrive at good faith modification process of

13  the loan "but for" being coerced and mislead by Defendants

14  so as to an abuse of process in the non judicial

15  foreclosure of the loan.

16  23.    That the Plaintiff was not given *any just* right to

17  exercise good faith negotiations "but for" the bad faith

18  and underhanded dealing of the Defendants.

19  24.    That the Plaintiff is the true and lawful owner of

20  certain real property with legal description as described

21  and incorporated by reference as it fully set forth herein.

22  25.    That Plaintiff was unable to make payments to Loan due

23  to high monthly payments and unfairly targeted for

24  predatory terms.

25  26.    That Plaintiff *was harassed by Defendants and unknown*

26  *parties to vacate the property.*

27  27.    The Defendants herein *have wrongfully and unlawfully*

28  *foreclosed* on Plaintiff's home.

28.    That the Defendant's action along with other soon to
be discovered DOES and ROES, as alleged, through a
concerted action and civil conspiracy, having intentionally
created an unjust detriment of civil, and social
disadvantages to the Plaintiff and damages intrinsic
thereof as pled within this complaint.

29.    That the Defendants, soon to be named and discovered
DOES and ROES, also with predatory and less than
transparent intents as, trustees, loan processors and
service providers for the above-referenced loan
transactions are also real estate brokers and agents.

## STATEMENT OF CAUSE

This case arises because the Plaintiff is the victim of
unlawful foreclosure because the Defendants threaten in the
near future to foreclose and sell the home of the Plaintiff.

The foreclosure is based upon a deed of trust and note that
are no longer held by the same entity or party and are based
upon a deed of trust that was flawed at the date of
origination of the loan. Further, the loans are the actions of
each of the Defendants in violation of various state laws. The
Defendants have *moved to foreclose and are without lawful
right to do so.* Plaintiff seeks damages for the known unlawful
foreclosure by Defendants on the fraudulent Deed of Trust.

The Plaintiff is at imminent risk of losing her home
because one or more of the Defendants has served upon the
notices of foreclosure or notices of default and election to

sell, and the Plaintiff hereby seeks emergency injunctive relief. The Plaintiff brings this action as the home is being fraudulently and unlawfully foreclosed upon by Defendants on invalid Deed of Trust, *as the foreclosure having been commenced and advanced in furtherance of the conspiracy pursuant to which every Defendant herein, aided and abetted, and/or participated with, and/or conspired with the other named Defendants in the wrongful course of conduct, or otherwise, caused the damages and injuries claimed herein, and are responsible in some manner for the acts, occurrences and events alleged in this Complaint.*

### FIRST CAUSE OF ACTION

**Unfair Lending Practices- Violations of NRS 598(D)- all named Defendants)**

30.     Plaintiff re-alleges and incorporates by reference all preceding allegation of law and facts as it is fully set forth herein.

31.     The Defendant is a lender as defined by NRS 598D.050; Plaintiffs are borrowers as defined by NRS 598D.020, the properties are homes defined by NRS 598.030; and the loans at issue are defined by NRS 598D.040.

32.     The Defendants herein, continued to enforce mortgages secured by Plaintiff's home that included no evaluation of any commercially reasonable means or mechanism that would demonstrate the Plaintiff's capacity to repay, especially related to as qualified by the Defendants only on the basis

of credit score and collateral market value or stated income that was not verified.

33.     Pursuant to NRS 598D.II O. Plaintiff are entitle to this Court's order enjoining and/or canceling any foreclosure or trustee's sale of the property.

34.     Defendants herein know or should have known that the loan made to Plaintiff herein was based on stated income with no verification to the Plaintiff to repay the loan when and how the loan was structured to all for thereof.

35.     The Defendants know or should have known that the originators of the loan made promises to the Plaintiff that refinancing would be available when or if any monthly payments on Adjustable Rate Note increased.

36.     Defendants actions as complained herein constitute unfair lending practices and violated the protections of the Plaintiff guaranteed under N.R.S. 598(D), and the Plaintiff was damaged as a result thereof as alleged herein.

37.     That in the event it becomes necessary for the Plaintiff to retain the services of an attorney to prosecute this claim and, therefore, Plaintiff is entitled to reasonable attorney fees and costs of suit incurred herein.

## SECOND CAUSE OF ACTION

**(Deceptive Trade Practices - all named Defendants)**

38.    Plaintiff re-alleges and incorporates by reference all preceding allegations of law and facts as it fully set forth herein.

39.    The Defendant engaged in deceptive trade practices by knowingly making false representations to the Plaintiff in violation of NRS 598.091 5 and 598.0923

40.    The actions of Defendants were intentional or taken with callous disregard of the damage that would result to the Plaintiff.

41.    As such, Plaintiff is entitled to recover punitive damages in amount to be determined at trail.

42.    That Plaintiff has suffered harm and is statutorily entitle to actual damages, and in the case of a pattern or practice of noncompliance, damages in excess of $10,000.00.

43.    That Defendants individually or collectively received kickbacks, unearned fees, or a thing of value of the real estate settlement, entitling Plaintiff to three (3) times the amount of the charge paid for such settlement service.

44.    That in the event that it is necessary for Plaintiff to retain the services of an attorney to prosecute this action and, therefore, Plaintiff is entitled to a reasonable attorney fees and costs of suit incurred herein.

## THIRD CAUSE OF ACTION

**(Wrongful Foreclosure- all named Defendants)**

45.   Plaintiff re-alleges and incorporates by reference all proceeding allegations of law and facts as it is fully set forth herein.

46.   Defendants foreclosure was statutorily defective pursuant to NRS 170.080

47.   As result of Defendants action the Plaintiff will suffer in excess of $10,000.00 and is entitled to recover the same.

48.   That in the event it is necessary for the Plaintiff to retain the services of an attorney to further prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney fees and costs of the suit incurred herein.

## FOURTH CAUSE OF ACTION

### (Conspiracy to Commit Fraud and Conversion- all named Defendants)

49.   Plaintiff re-alleges and incorporates by reference all preceding allegations of law and facts as it is fully set forth herein.

50.   Defendants and lenders, Securitizers, and/or servivers participating in the system formed an association to conspire to deprive Plaintiff of her property through fraud and misrepresentation that would result in the Plaintiff entering into loan agreements for which she was ultimately not qualified and which would eventually result in Plaintiff's inability to make payments and stay in her home.

51.   Upon information and belief, in furtherance if the conspiracy, Defendants intended that the Plaintiff's loan would be packaged with other loans and sold on the secondary market, resulting in a profit to the Defendants.

52.   Defendants and each of them, knew prior to their origination of the loans or acceptance of the loans for servicing and subsequent transfer of the loans that Plaintiff was not qualified to make payments under the loan terms; however, Defendants' know or should have known that Plaintiff would rely, and did rely on Defendants representation, or the representations of Defendants agents, as alleged herein related to Plaintiff's ability to repay the loan or to refinance the loan in taking the loan and signing the documents.

53.   As previously alleged, herein, Defendants violated NRS 598.(D) as alleged herein in procuring Plaintiff's signature of the loan documents.

54.   Defendants legal objective of packaging the loan made to the Plaintiff with other loans and selling the loan was accomplished by illegal means in procuring the loans because of the Defendants violation of NRS 598D as alleged herein.

55.   Upon information and belief, Defendants knew that the loans would be subject to foreclosure as a result of Plaintiff's inability to make payments on the loan as payments escalated during the term of the loans and/or as a result of Plaintiff's inability to qualify to refinance the loan at a later date after the payments began to escalate

because of the changes to the interest rates and arbitrary increase of payments by the servicers of the loans, and thus the Defendants committed acts which constitute unlawful stripping.

56.    Upon information and belief, the escalating payments and/or increases in the interest rate were not properly disclosed to Plaintiff.

57.    Defendants intended that the Plaintiff would default on the loan and Defendants would be in a position of seizing the Plaintiff's home in foreclosure action unlawfully depriving Plaintiff of the subject home.

58.    Defendants, *each of them,* in furtherance of the *conspiracy* and agreement alleged herein, acted in concerted manner to target the Plaintiff as a borrower, to misrepresent the loan terms and/or misrepresent Plaintiff's qualification for the loans, knowing that such action or actions would result in Defendant's ultimate possession of the home of the Plaintiff following foreclosure and are also party to benefit from unlawful foreclosure after the fact whether knowing or unknowing as to the loans origination and are herein names as *vicariously* liable to aid and abet such unlawful activity.

59.    As a result of the Defendant's conspiracy described herein, the Plaintiff has suffered injuries which include mental anguish, emotional distress, embarrassment, humiliation, loss of reputation and decreased credit rating, as of which has, or will impair Plaintiff's ability to obtain credit at a more favorable rate that before the

decrease in credit rating, the anticipated loss of her home
and other financial losses according to proof including the
court costs and fees incurred in this matter.

60.   Defendants conspiracy to unlawful deceive Plaintiff
into taking out the subject loan when and how they did as
alleged herein was willful, justifying award for punitive
damages.

61.   That Defendants are with *scienter* concerning such
actions as alleged.

62.   Upon Information and belief, the defendants herein,
have conspired among themselves and other unknown parties
to:

  (a)   Develop a system of earning profits from the
        origination and securitization of residential loans
        without regard for the rights of the Plaintiff and
        other similarly situated individuals, by engaging in
        predatory and deceptive residential lending practices
        as alleged herein;

  (b)   In furtherance of the fractional banking system
        the Defendant conspirators intentionally created,
        managed, operated and controlled for the specific
        purpose of being designated as a "sham" beneficiary in
        the original deed of trusts securing the Plaintiff's
        loan and other similarly situated individuals;

  (c)   Defendants intentionally created, managed,
        operated and controlled this system with the unlawful
        intent and for the lawful purpose of making it
        difficult or impossible for the Plaintiff and other

victims of such industry wide predatory policies and practices to identify and hold responsible the person or entities responsible for the unlawful actions of the Defendants as named herein.

63.    Upon information and belief, the defendant conspirators, through the creation of this fractional banking system as alleged herein, adopted and implemented residential lending guidelines for use in Nevada and in other states which:

(a)    were intended to, and did, generate unprecedented profits for the Defendant conspirators and their co-conspirators at the expense of the Plaintiff and other persons who were fraudulently induced by the Defendant conspirators and their co-conspirators, at the time the loans were originated and;

(b)    Were likely to result in foreclosure of the loans and loss by the Plaintiff and other borrowers of their homes, with reckless disregard and intentional indifference by the Defendant conspirators and their co-conspirators of the likelihood of such foreclosure.

64.    That removing real estate transaction records from public record maintained by county clerks prevents oversight of real estate transactions by the public and public officials.

65.    Upon information and belief, the system was directly created for the unlawful hiding and insulating of brokers and originators of predatory toxic loans from

accountability and liability such as the loan affecting the Plaintiff herein.

66.    Defendants herein acted as creators for the conspiracy to hide their unlawful activity of the co-conspirator agents and brokers and also acted and participated in action such as Lenders, Servicers and Securitizers within the conspiracy.

67.    Accordingly the Defendants actions constitute a violation of state lending laws that have directly affected the Plaintiff herein.

68.    The Defendants have, profited from their respective roles in originating the loans, selling them, and pooling their home loans together in large bundles which were sold and turned into financial derivative instruments.

69.    Defendants knowingly misrepresented material representation to the Plaintiff on application, and re-application under a misrepresented attempt to modify and negotiate to keep her home while other Defendants' parties were proceeding in foreclosure without proper due notice, and fair dealing, all a violation of Nevada statutes all "but for" the Defendants greed.

70.    The Plaintiff could not protect herself through the exercise of reasonable due diligence to mitigate her damages or take affirmative action to benefit herself.

71.    That in the event it is necessary for Plaintiff to retain the services of an attorney to further prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney fees and costs of suit incurred herein.

## FIFTH CAUSE OF ACTION

### (Inspection and Accounting)

72.     Plaintiff re-alleges and incorporates by reference all preceding allegation of law and facts as it is fully set forth herein.

73.     Due to the unfair and deceptive nature of the Plaintiff's loan transaction *concerning the loan of the subject property and the origination thereof,* as the Defendants were paid excessive interest and fees for inflated loan amounts that were unjustified and thoroughly misrepresented by the terms and conditions as the time of the origination also throughout the service of the subject loan.

74.     The Defendants are therefore in possession of money that belongs to the Plaintiff and has deprived the Plaintiff of its possession and enjoyment.

75.     Plaintiff has various forms of communication with Defendant parties about the accounting and servicing of their loans.

76.     Plaintiff also requested various information regarding various sale, transfer of funding sources, legal and beneficial ownership changes, charges, credits, debits, transactions, reversals, and payments.

77.     Although plaintiff requested this information, Defendants have failed to disclose the same or provide presently accurate account information.

78.    As a customer of Defendant parties, and as a direct party contract, the Plaintiff is entitled to disclosure for copy inspection and accounting on Plaintiff's account information.

79.    As a direct and proximate result of the Defendant's misconduct, Plaintiff has sustained actual, special, and consequential damages in excess of $10,000.00

80.    That in the event it is necessary for Plaintiff to retain the services of an attorney to further prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney fees and costs of suit incurred herein.

## SIXTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress- all named Defendants)

81.    Plaintiff re-alleges and incorporates by reference all preceding allegations of law and facts as it is fully set forth herein.

82.    That as a result of Defendants' unlawful and illegal actions, Plaintiff has suffered extreme personal, mental, emotional anguish.

83.    That as a result of the Defendants' unlawful foreclosure process, Plaintiff has been denied the quiet enjoyment of the subject property.

84.    That as a result of the Defendants' unlawful and illegal actions, Plaintiff has lost substantial amount of financial and emotional well-being.

85.    That as a result of Defendants' unlawful and illegal actions, Plaintiff has been damaged in an amount in excess of $10,000.00 and is entitled to money damages, punitive damages, and other relief as the Court finds to be just and proper.

86.    That in the event it is necessary for Plaintiff to retain the services of an attorney to further prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney fees and costs of suit incurred herein.

**SEVENTH CAUSE OF ACTION**

**(Quiet Title- all named Defendants)**

87.    Plaintiff re-alleges and incorporates by reference all preceding allegation of law and facts as it is fully set forth herein.

88.    That the Defendants herein have improperly and/or unlawfully recorded a Notice of Breach and Election to Sell and Foreclosure against the subject property and have began the foreclosure process pursuant to the above referenced Deed of Trust.

89.    The actions of the Defendants in initiating the foreclosure by recording the Notice of Breach and Election to Sell constitute libel of title against the subject property. If Defendants foreclose under Nevada's power of sale foreclosure law, such foreclosure sale and/or transfer of title to Defendants' or any third party is unlawful, invalid and a void transaction. Defendants' have no power,

authority, or right to foreclose or to sell subject
property.

90.    That the Plaintiff is entitled to an Order of the
Nevada District Court, quieting title to Plaintiff and
against the named Defendants or any third party acquiring
title by invalid or vois trustee's sale. That such order is
legally justified under Nevada Statutes governing Quiet
Title Actions and/or Declaratory Relief.

91.    That in the event it is necessary for Plaintiff to
retain the services of an attorney to further prosecute
this action and, therefore, Plaintiff is entitled to
reasonable attorney fees and costs of suit incurred herein.

## EIGTH CAUSE OF ACTION

### Breach of Good Faith and Fair Dealing- all named Defendants)

92.    Plaintiff re-alleges and incorporates by reference all
preceding allegations of law and facts as it is fully set
forth herein.

93.    The Defendants had a duty to act in good faith and
fair dealing concerning their obligations under the
contract of the subject loan concerning the subject
property and Plaintiff.

94.    The duties included, but were not limited to,
the duty to pay at least as much consideration to
Plaintiffs' financial interests as to their own financial
interests

95.     Defendant breached these obligations by, among other things:

    a. Failing to and/or refusing to negotiate with Plaintiff in good faith.

    b. Failing to properly identify whether borrowers meet the minimum eligibility requirements for a mortgage modification;

    c. Failing to determine if the Plaintiff can qualify loan modification and failing to offer modifications,

    d. Failing to notify borrowers in writing of their determinations regarding the eligibility for mortgage modifications and the reasons for those determinations with sufficient detail to enable the mortgagor to determine whether the decision is correct;

    e. Initiating and continuing foreclosure action that had previously been commenced against borrowers who meet the minimum eligibility criteria;

    f. Failing to temporarily suspend foreclosure actions while borrowers who are not entitled to mortgage modifications are considered for alternative prevention options;

    g. Failing to provide loan documents when requested by Plaintiff

96.     The Defendant benefited by their agents failing to disclose material terms of the loans and incidental services to the Plaintiff and other similarly situated, by inter alia failing to explain the fact that Plaintiff and others similarly situated were not qualified to enter into the loans on the terms stated and failed to advise Plaintiff of the fact that Defendants had no lawful right to foreclose upon the home of the Plaintiff.

97.     The Defendants benefited by concealment of the true terms of the loan, and risky transactions, including but not limited to, negative amortization, prepayment penalty provisions, at the risk of default and foreclosure, from the Plaintiff.

98.     Defendants misrepresented the Plaintiff's ability to qualify for the loan.

99.     Defendants' knew or should have known that had the truth been disclosed, plaintiff would have not entered into the loan when and how she did.

100.    That in the event it is necessary for Plaintiff to retain the services of an attorney to further prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney fees and costs of suit incurred herein.

### NINTH CAUSE OF ACTION

### (Unjust Enrichment)

101.    Plaintiff re-alleges and incorporates by reference all preceding allegations of law and facts as it is fully set forth herein.

102.   Plaintiff is informed and believes and thereon alleges
that the Defendants in this case have received insurance
reimbursement(s) under terms of an insurance policy to
protect Defendants' in the event the buyer went into
default on payment of the subject promissory note. Said
payments would be paid when the note went into default as
set forth above.

103.   That as a result of the Defendants' collection on
various investments and insurances concerning the
promissory note on the subject property that there is in
the very least an offset to their alleged losses on the
subject notes. But the Defendants are now seeking to re-
acquire the residence ostensibly for the purpose of selling
the property at a substantial profit.

104.   That as a result of payment to the Defendants under
any insurance policy or secondary market investment upon
the default in payments by the Plaintiff and the re-
acquisition of the SUBJECT PROPERTY constitute a unjust
enrichment to the Defendants because the Defendants have
been fully or partially paid or compensated for any alleged
losses.

105.   Based on the forgoing, the Plaintiff seeks credits and
a "realized" accounting thereof for payments made to the
Defendants for the alleged default and secondary investment
markets as only "true" damages or obligations under the
Deed of Trust between the parties cannot be readily
discernable until revealed. Thus Defendants moving when and
how they have against the Plaintiff and their argument for

1   default and foreclosure proceedings is moot, without

2   standing, baseless and predatory as it is schemed on

3   erroneous information or fraud and should be regarded as

4   such until proper discovery can allow a balanced overview

5   and remedy for the parties concerned.

6   106.   That in the event it is necessary for Plaintiff to

7   retain the services of an attorney to further prosecute

8   this action and, therefore, Plaintiff is entitled to

9   reasonable attorney fees and costs of suit incurred herein.

10

11   **TENTH CAUSE OF ACTION**

12   **(Injunctive Relief)**

13   107.   Plaintiff re-alleges and incorporates by reference all

14   preceding allegations of law and facts as it is fully set

15   forth herein.

16   108.   Plaintiff will likely succeed on the merits of her

17   claims as set forth herein.

18   109.   If the Defendant prevails in the sale and foreclosure

19   of the subject property, Plaintiff will be irreparably

20   harmed because the property is unique in nature and no

21   adequate remedy at law exists to replace the property.

22   110.   A temporarily restraining order, preliminary

23   injunction, and/or permanent injunction is necessary to:

24        (a)   Prevent the Defendant parties from foreclosing on

25        the subject property; and;

26        (b)   To stay eviction proceedings and;

27        (c)   Compel the Defendant parties to functionally

28        modify the terms of the loan on the subject property.

111.    Plaintiff is entitled to judicial determination that the Defendant parties cannot sell, convey the property so as to enforce the *Deed of Trust under false pretenses* and that the defendants, its assignees and/or successor be declared to have no right to foreclose and/or to evict Plaintiff from the Subject property.

112.    That any trustee sale is to be declared null, void, and improper.

113.    That in the event it is necessary for Plaintiff to retain the services of an attorney to further prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney fees and costs of suit incurred herein.

### ELEVENTH CAUSE OF ACTION

### (Declaratory Relief)

114.    Plaintiff re-alleges and incorporates by reference all preceding allegations of law and facts as it is fully set forth herein.

115.    A justiciable controversy exists between Plaintiff and Defendants' as to the loan provided to the Plaintiff by the Defendants'.

116.    The specific controversy is the Defendants' violation of state compliance from the origination of the loan, through out the service of the subject loan, the statutorily defective and unlawful foreclosure and wrongful conveyance of title of the subject home, the harassment of the Plaintiff and predatory conduct of the Defendant parties herein after the fact and their egregious attempts

to profit from the detriment of the Plaintiff and Defendants' non compliance with state foreclosure avoidance procedures as pled herein.

117.   Defendants' have committed and continue to commit unfair lending practices in violation of NRS 598D

118.   Plaintiff has legally projectable interest in the controversy because they have an interest in the subject property they purchased with the unlawful mortgage.

119.   The issue is ripe for judicial determination because, inter alia, it presents an existing controversy as to the Parties' rights and obligation under the loan agreements and contract at issue herein.

120.   That in the event it is necessary for Plaintiff to retain the services of an attorney to further prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney fees and costs of suit incurred herein.

## TWELTH CAUSE OF ACTION

### (Recission)

121.   Plaintiff re-alleges and incorporates by reference all preceding allegations of law and facts as it is fully set forth herein.

122.   Plaintiff is entitled to rescind the loan for all of the flowing reasons, each of which provide independent grounds for relief:

(a)   Plaintiff alleged consent was obtained only though, Defendant parties by and of their representing

agents Fraud and Breach of Fiduciary duties to the
Plaintiff:

(b)     Defendants' never disclosed the true note holder,
but rather the loan was securitized *and* Plaintiff was
not aware of this until inflicted by the foreclosure
process- i.e. equitable tolling applies;

(c)     Defendants' breached their contractual
obligations to Plaintiff; and

(d)     The public interest would be prejudiced by
permitting the alleged contract to stand, as such
action would reward an unscrupulous lender.

123.    Plaintiff herby demands restitution from the Defendant
parties as named herein in an amount that will restore
Plaintiff to a position she would have been in had the
Defendant parties, each of them not engaged in the conduct
herein alleged.

**WHEREFORE**, Plaintiff pray for a Judgment jointly and severally
as follows:

1. That a Recession Order be entered by this Court against the
Defendants;

2. That Plaintiff be awarded consecutive damages in an amount
in excess of $10,000.00;

3. That by said Decree or Order, it be declared and adjudged
that said Plaintiff is the owner of the subject property,
in fee simple, and that Defendants', and each of them, have
no estate or interest whatsoever, in or to the subject real
property, land, and premises; and temporary restraining

1   order and Injunction prohibiting any foreclosure action or

2   eviction;

3   4. That the Defendants' be compelled to a novation concerning

4   the loan on the subject property to effective and

5   beneficial terms for all parties concerned.

6   5. That Defendants', its assignees and or successors be

7   declared to have no right to foreclose upon the subject

8   property and/or engage in eviction proceedings against

9   Plaintiff;

10  6. That the trustee sale, if any, in favor of Defendants

11  and/or other third party, be declared null and void;

12  7. For award damages pursuant to NRS 598D

13  8. For award damages of conspiracy to violate Nevada law as

14  pled;

15  9. For award for emotional distress

16  10.    For applicable necessary attorney fees, paralegal fees

17  and court costs of suit, with respect to the filing and

18  prosecution of this lawsuit; and

19  11.    For such other relief as the Court finds to just and

20  proper.

21

Dated this 27th day of Dec., 2011

22

23

24                                          By:

25                                          Hanh Nguyen
                                            2131 E. Camero Ave.
26                                          Las Vegas NV.89123

27

28

**ACKNOWLEGEMENT**

Subscribed and sworn to before me this ____27TH____ day

of ____December____ 2011.

Signed: _____

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
No. 05-100768-1   EARL JAMES GRAHAM
My Appointment Expires Oct. 27, 2013

NOTERY PUBLIC in and for the County of Clark, State of Nevada.

# CERTIFICATE OF SERVICE

I herby certify that the service of the forgoing document was personally provided to the following on the 27th day of December, 2011.

Via United States Mail to the following:


     Jay Earl Smith, Esq.
     Katie M. Weber, Esq.
     SMITH LARSON & WIXOM
     Hill Center Business Park
     1935 Village Center Cir.
     Las Vegas, NV. 89134


I declare under the penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Dated: 12/27/11 _____

_____
Dis-Interested third party

# ACKNOWLEGEMENT

Subscribed and sworn to before me this ___27th___ day

of ___December___ 2011.

**NOTARY PUBLIC
STATE OF NEVADA
County of Clark
EARL JAMES GRAHAM
No: 05-100768-1
My Appointment Expires Oct. 27, 2013**

Signed: _____

NOTARY PUBLIC in and for the County of Clark, State of Nevada.