UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

HANH NGUYEN,

        Plaintiff,

v.

WASHINGTON MUTUAL BANK, N.A.; et al.,

        Defendants.

2:11-cv-1799-LRH-RJJ

ORDER

Before the court are plaintiff Hanh Nguyen's ("Nguyen") motion to remand (Doc. #7[1]); motion for leave to file amended complaint (Doc. #10); and motion to correct motion to remand (Doc. #13).

**I.    Facts and Procedural History**

In September 2007, Nguyen purchased real property through a mortgage note and deed of trust. Eventually, Nguyen defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, Nguyen filed a complaint against defendants in state court. Doc. #1, Exhibit A. Defendants removed the action to federal court on the basis of diversity jurisdiction. Doc. #1. Thereafter, Nguyen filed the present motion to remand. Doc. #7.

---

[1] Refers to the court's docket entry number.

II.     **Motion To Remand (Doc. #7)**

   A.  **Legal Standard**

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

   B.  **Discussion**

A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a). Further, an action based on diversity jurisdiction is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b).

Here, defendants argue that there is complete diversity between the parties because Nguyen is a citizen of the State of Nevada while defendants are citizens of various other states. Further, defendants contend that the amount in controversy requirement has been met because the value of the property at issue is more than $75,000. The court agrees. All defendants are diverse defendants and the value of the property exceeds $75,000. Therefore, the court finds that the exercise of diversity jurisdiction is appropriate and shall deny Nguyen's motion to remand accordingly.

### III. Motion To Amend (Doc. #10)

A party may amend its pleadings after a responsive pleading has been filed by leave of court. FED. R. CIV. P. 15(a)(2). Leave of court to amend should be freely given when justice so requires and when there is no undue delay, bad faith, or dilatory motive on the part of the moving party. *See Wright v. Incline Village General Imp. Dist.*, 597 F.Supp.2d 1191 (D. Nev. 2009); *DCD Programs, LTD v. Leighton*, 883 F.2d 183 (9th Cir. 1987).

Here, Nguyen requests leave to amend her complaint to supplement the allegations in the complaint and add new causes of action. *See* Doc. #10. A copy of the proposed amended complaint is provided in accordance with LR 15-1. Doc. #10, Exhibit A.

The court finds that there is no undue delay, bad faith, or dilatory motive on behalf of Nguyen in requesting leave to amend her complaint. Further, the court finds that the matter is early in litigation and that the defendants would not be prejudiced by allowing amendment. Accordingly, the court shall grant Nguyen's motion to amend.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #7) and motion to correct (Doc. #13) are DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for leave to amend (Doc. #10) is GRANTED. Plaintiff shall have ten (10) days from entry of this order to file the amended complaint attached as Exhibit A to her motion for leave to amend (Doc. #10, Exhibit A).

IT IS SO ORDERED.

DATED this 4th day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE