Hanh Nguyen
2131 E. Camero Ave.
Las Vegas, NV. 89123
702-752-8382

Plaintiff: in pro se

2012 JUL -9  P 3: 21

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| Hanh Nguyen<br><br>       Plaintiff,<br><br>    vs.<br><br>Name: Washington Mutual, Bank N.A; JP Morgan Chase Bank, N.A California Reconveyance Company; *AND DOES, individuals 1 to 100, Inclusive; and ROES. Corporations 1 to 30, Inclusive;*<br><br>      Defendants | Case No. **2:11-cv-01799-LRH -RJJ**<br>Dept. No.<br><br><br><br>**MOTION FOR LEAVE OF COURT TO ALLOW PLAINTIFF TO AMEND COMPLAINT and TO SET ASIDE 10 DAY SUBMISSION DEADLINE** |

Plaintiff Hanh Nguyen herby file a Motion for leave of the Court, for permission to allow me to amend my complaint, without prejudice and to set aside 10 day filing deadline.

A substituted amended complaint (EXHIBIT B) is appropriate because of the Defendant(s) call to action and removal from District court to Federal Court. In the Defendant(s) opposition to my request for a thirty day continuance the Defense mentions

"any request therein to further amend complaint in this matter is procedurally improper". Respectfully, my request for continuance was for purposes of research and study, for the necessary context and insight, to prepare my complaint in the essence of Federal court rather than District court. Not for purposes of excluding the Defendant(s) opportunity to contest, futility, bad faith or otherwise.

Originally I had prepared and anticipated my argument to be heard in State court. The "removal" to federal court has not only been extremely disruptive to my strategy but it has also delivered a new set challenges that have been extensively time consuming due to a whole new set of rules and requirements that I needed to study and mentally digest. It is in the spirit of Justice that I request this leave of the court to allow my second amended complaint be heard and prosecuted.

## MEMORANDUM OF POINTS AND AUTHORITIES

The motion is exercised pursuant to Federal Rule 15(a) and LR 15-1.

On October 19, 2011 I filed my complaint in the Eight Judicial Court for the State of Nevada, the forum of my choice.

On November 8, 2011 the defendants filed a motion to remove the complaint from the State court to Federal court under the premise of 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332 (diversity).

In response to the Petition of Removal by the Defendant(s) I filed a Motion to Remand on November 28, 2011 under the premise of absentation doctrine and "accidence of residence" which was DENIED.

1
2
3

## CONCLUSION

4   The rules provide that "leave to amend shall be freely

5   given when justice so requires" Fed.R.CIV.P. 15(a). And given

6   the amendment is proposed prior to any trial or discovery and

7   more than twenty one days have passed since the complaint was

8   originally served then leave of the court is humbly requested.

9   Based on the foregoing, I respectfully request this Court

10  to allow a leave and grant me permission to amend my complaint,

11  and direct the clerk to file the attached Second Amended

12  Complaint as follows.

13
14  Dated this 9th day of July, 2012

15
16                                        By: _____

17                                        Hanh Nguyen
18                                        2131 E. Camero Ave.
                                          Las Vegas NV.89123

19                    **ACKNOWLEGEMENT**

20  Subscribed and sworn to before me this _____ day

21  of _____ 2012.

22
                                    NOTARY PUBLIC
                                    STATE OF NEVADA
                                    County of Clark
23                                  EARL JAMES GRAHAM
    Signed: _____    No: 05-100768-1
24                                  My Appointment Expires Oct. 27, 2013

25
26  NOTARY PUBLIC in and for the County of Clark, State of Nevada.

27
28

MOTION FOR LEAVE OF COURT TO ALLOW PLAINTIFF TO AMEND COMPLAINT

- 3

Hanh Nguyen
2131 E. Camero Ave.
Las Vegas, NV. 89123
702-752-8382

Plaintiff: in pro se

District Court

Clark County, Nevada

|  |  |
|---|---|
| Plaintiff, | Case No. 2:11-cv-01799-LRH-RJT |
|  | Dept. No. |
| Name: Hanh Nguyen |  |
| vs. | **SECOND AMENDED COMPLAINT (EXHIBIT B)** |
| Name: Washington Mutual, Bank | 1. Unfair Lending Practices; Deceptive Trade Practices; Conspiracy to Commit Fraud and Conversion; Failure to perform a legal obligation |
| N.A; JP Morgan Chase Bank, N.A |  |
| California Reconveyance |  |
| Company;  ; *AND DOES,* | 2. Neglect; Failure to perform a duty; Deceptive Trade Practices; Failure to perform a legal obligation |
| *individuals 1 to 100,* |  |
| *Inclusive; and ROES.* | 3. Unfair Lending Practices; Deceptive Trade Practices; Conspiracy to Commit Fraud and Conversion; Failure to perform a legal obligation |
| *Corporations 1 to 30,* |  |
| *Inclusive;* |  |
| Defendants | 4. Wrongful Foreclosure; Neglect; Failure to perform a duty; Deceptive Trade Practices; Failure to perform a legal obligation |

5. Failure to perform a duty; Deceptive Trade Practices; Failure to perform a legal obligation;
6. Conspiracy to Commit Fraud and Conversion; Fraud and Conversion; Failure to perform a duty; Deceptive Trade Practices; Failure to perform a legal obligation
7. Inspection and Accounting
8. Quiet Title
9. Unjust Enrichment
10. Injunctive Relief
11. Declaratory Relief
12. Rescission

1

2                     **SECOND AMENDED COMPLAINT**

3   COMES NOW Hanh Nguyen, Plaintiff *In Proper Person*, and

4   individual, and hereby submit my Complaint against the

5   Defendants; Washington Mutual, Bank N.A; JP Morgan Chase Bank,

6   N.A; California Reconveyance Company;; *AND DOES, individuals 1*

7   *to 100, Inclusive; and ROES. Corporations 1 to 30, Inclusive; as*

8   Defendants

9

10              COMPAINT OF PLANTIFF TO DEFENDANT(S) - 1

11

12                   **JURESDICTION AND PARTIES**

13    1. Jurisdiction is founded upon the Defendant(s) removal and

14        subsequent court order.(doc #15)

15    2. I am a resident and at all times material herein, have been

16        and continue to be a resident of the County of Clark, State

17        of Nevada.

18    3. Upon information and belief the Defendant(s), Washington

19        Mutual, Bank N.A; JP Morgan Chase Bank, N.A; California

20        Reconveyance Company; *AND DOES, individuals 1 to 100,*

21        *Inclusive, and ROES, Corporations 1 to 30, Inclusive*; and

22        all other persons and entities unknown claiming any right,

23        title, estate lien, or interest in the real property

24        described in the Complaint adverse to my ownership, or any

25        cloud upon my title thereto. (hereinafter referred to as

26        "Defendant(s)") are mortgage bankers, loan servicers, and

27        mortgage related service providers regularly and

28

1   continuously conducting business in the State of Nevada at
2   all times relevant hereto.

3   4. The true names and capacities of Defendant(s) named herein
4   and DOES Individuals 1 to 100, inclusive, and ROES
5   Corporations 1 to 30, inclusive, whether individuals,
6   corporations, or other entities are unknown to me at the
7   present time; however it is alleged upon information and
8   belief, that these Defendant(s) were involved in the
9   initiation, approval, support, or execution of the wrongful
10  acts upon which this litigation is premised, or of similar
11  actions directed against me about which I am presently
12  aware. As the specific identity of these parties are
13  revealed through the course of discovery, I will ask leave
14  of the Court to amend the Complaint so that the DOES and/or
15  ROES appellations will be replaced to identify these
16  parties by their true names and capacities.

17  5. The subject property in this action and conduct of the
18  parties is located in the State of Nevada.

19  6. This court also has jurisdiction based on diversity of
20  citizenship, as I am a resident of the State Of Nevada;
21  Upon information and belief, all Defendants as herein
22  named, including but not limited to; AND DOES, individuals
23  1 to 100, Inclusive, and ROES, Corporations 1 to 30,
24  Inclusive; while foreign or domestic corporations are
25  conducting business at all times relevant hereto within the
26  State of Nevada, licensed to a business in Nevada under
27  Nevada law.

28

7. Venue is proper as the acts complained of occurred, in substantial part, in the State of Nevada, the owner of the subject property reside in the State of Nevada and at all times relevant hereto, the Defendants were doing business in Nevada.

8. At all times material and relevant hereto, I have maintained primary residence in Clark County Nevada with the legal description of:

SPENCER RIDGE-UNIT 1 PLAT BOOK 63 PAGE 37 LOT 39 BLOCK

1/ SEC 14 TWP 22    RNG 61;

APN# 177-14-611-039

commonly referred to and located at:

2131 E. Camero Ave. Las Vegas, NV 89123

9. Upon information and belief, all Defendant(s) parties herein are registered to do business in the State of Nevada.

10. Upon information and belief, Defendant(s) parties as named herein continue to conduct their business as described herein or are operating in a derivative capacity to further the agenda thereof, all to my disadvantage, so as to unlawfully seize my home without due process and are statutorily defective in doing so.

## GENERAL ALLEGATIONS

1. That on or about SEPT 18, 2007, I secured a loan by virtue of a First Deed and *Note* for the purpose of purchasing my principal residence located at: 2131 E. CAMERO AVE. LAS VEGAS, NV. 89123 (hereinafter referred to as "Residence").

2. In the United States home purchases are typically financed by mortgages or loans secured by a deed of trust and note which, when executed on behalf of the same entity and by the same entity as a "note and deed of trust", entitle the holder of the note and deed of trust to foreclose on the property of the borrower if the borrower is in default without legal recourse.

3. That on or about the 18th day of September, 2007, I entered into a Loan agreement with the Defendant(s) and agents thereof, whereby a Promissory Note and Deed of Trust were created to evidence of my indebtness to Defendant(s) parties and unknown ROES, all the while believing in good faith I thought I was purchasing the *American* dream, when in reality, as these proceedings will come to unveil, was a nightmare maze of predatory lending practices bestowed in bad faith and in violation of Federal and State statues by the Defendant(s) parties and in conspiracy to commit fraud.

4. Defendant(s) herein, entered into mortgages with deeds of trust and notes that were separated upon the execution of the mortgages, the note was sold to an investor who literally and actually provided the funds for funding the loan given to the borrower. Prior to or immediately after the contract was signed by the borrower, the note was funded by a party other than the originator or servicer of the loan. The money is in fact, not the property of the Defentant(s), for it was created out of nothing.

5. Furthermore this complaint is based on the premise that the mortgage contract required both parties to provide a

legitimate consideration for the exchange.  The United
States Supreme Court has ruled time and time again against
the banking institutions that lend credit. Federal and
State laws allow banks to lend money- not credit. In
Federal Courts, it is well settled that the Defendants have
not the power to lend its credit to another by becoming a
surety, endorser, or guarantor. "Farmers and Miners bank v.
Blue Nation Bank. 11f2d 83, 271 u.s. 669.

6. ALL Defendant(s) named herein, participated in a conspiracy
to cause me to enter into instruments that would result in
the foreclosure of my home, to initiate foreclosure on the
my home without the right to do so; and the Defendant(s)
have been unjustly enriched by my payments on the note and
further predatory practices to derive unjust compensation
for the sale of the property and the unlawful trustee sale
and conveyance of title on the subject property.

7. That Defendant(s) used fractional banking to engage in a
propel deceptive practices within the loan industry and in
violation if Federal and State laws all over the United
States. That Defendant(s), in separately and/or in concert
have attempted to abuse due process and mislead the courts
as to exercise bad faith foreclosure proceedings and
transfers of "Deeds Of Trust" again all to my disadvantage.

8.  The Defendant(s) did pool, package, and converted the
documents into liquid securities passing the property from
beneficiary to beneficiary under the disguise shell of the
Defendants special purpose entity or (SPE). Thereafter

1    dismissing the usual procedures of Beneficial Corporate
2    Assignment recording with public constructive notice.
3    9. Securitizing the mortgages is the call to action from the
4       Defendant(s) to remove the instruments from the banks
5       financial ledger. Due to the fact that the Defendants never
6       actually maintained, controlled or preserved their
7       beneficial interests with lawful conduct and disclosure, it
8       is by information and belief the Defendants Special Purpose
9       Entity (SPE) dissolved the validity of the mortgage through
10      the course of the (SPE) operations.
11   10. In order to profit as much possible the Defendant(s)
12      purposefully neglected the normal and lawful county
13      recording operation procedures to account for all
14      interested parties who hold title to the mortgage. The
15      Defendant(s) ignored state and federal mandates that affirm
16      who holds beneficial interest to the deed of trust. Instead
17      the Defendant(s) privatized the documents into a digital
18      system where the Defendants traded the instruments, with
19      premiums, between each other with "excel spreadsheets"
20      rather than lawfully endorsing the notes, as required by
21      their own contracts, state law and IRS rules. The
22      Defendant(s) dismissed the regulations for preserving their
23      interests and created a new secondary market for mortgage
24      backed securities.
25   11. That the Defendant(s) disclosure was and to this day not
26      fully clarified and seemingly selectively processed so as
27      to secure the real estate loan (hereafter referred to as
28      "Loan") and as of today, *true* original and/or copy versions

of Application, and Promissory Notes whereabouts are unknown and as Washington Mutual Bank N.A. is listed as beneficiary among other Defendant parties as names herein and soon to be discovered.

12. That the terms and conditions of the loan as it would progress through time was not fully explained to me as provided by the law. It is "but for" the overzealous predatory *glittering generalities* presented by and of the agents of the Defendant(s) within the various protocols of the lending process, that this loan was neither proper nor suitable for my condition and station in life. The loan exceeded the reasonable expected value of the property now and in the foreseeable future. As to this date, there is no evidence of valid appraisal to justify the loan much less the process.

13. That while I was lead to believe the representations made by the Defendant(s), it is only that this loan was an attempt to acquire and promote, mortgage broker premiums, alleged fees, lender service fees, and to pay a sub prime loan, all to the advantage profitability of the Defendant(s).

14. That the Defendant(s) did not generate a *true and correct copies* of the Residential Loan documents, in connection with Loan, or if a *true and correct copy* 1003A and others was generated it has not been produced or a copy of it cannot be located.

15. That the Defendant(s) action along with other soon to be discovered DOES and ROES, as alleged, through a concerted

action and civil conspiracy, having intentionally create an unjust detriment of civil, and social disadvantages to me and damages intrinsic thereof as pled within this complaint.

16. That I was unable to make payments to Loan due to high monthly payments and unfairly targeted for predatory terms.

17. Due to the lack of legal standing the Defendant(s) have engaged in the retention "foreclosure mill law firms" who's role is to provide the necessary documentation via forgery or otherwise to purport the Defendants legal right to foreclose.

18. Special Purpose Entity (SPE) or Loan Servicers or "Fraud Factories" do not make money through routine servicing because it's a break even business. Special Purpose Entity (SPE) make their money through foreclosure processing, fees and final retail housing sales. *The Defendants have combined the incentive to foreclose with systemized fraud* at the expence of me and my community.

19. The foreclosure in process was initiated against my home by parties with no standing to commence or maintain any foreclosure proceedings and who were strangers to the purported loan transactions and which were and are unknown to me and, moreover, did not fund my loan and are not owed any funds to be repaid.

20. I have *was harassed by Defendants and unknown parties to vacate the property.*

21. The lenders and investors in mortgaged backed securities, including the Defendant(s) as names herein, have sought bail out monies from the United States Government.

22. The lenders and investors in mortgaged backed securities, including the Defendant(s) herein, have used the bailout monies to repay investors who funded my loan, thus having no liability for the note and no right to collect on the note and with no right to initiate foreclosure on my home and place it for resale to other third parties.

23. That I have been in communications concerning a loan modification program under the "HAMP (Home Affordable Modification Program) at the time predatory foreclosure proceedings were initiated by the defendant parties.

24. I have had several communications with Defendant(s) representatives as to loan modification and procedures only to find out the foreclosure process had commenced while the Defendant(s) were still requesting income and expense documents for further review.

25. That I never had no true understanding to re-finance or to arrive at good faith modification process of the loan "but for" being coerced and mislead by Defendant(s) so as to an abuse of process in the non judicial foreclosure of the loan all under the guise of providing a (fabricated) loan modification program under violation of HAMP guidelines and protocol.

26. That I was not given any just right to exercise good faith negotiations "but for" the bad faith and underhanded dealing of the Defendant(s).

27. The foreclosure on my home as complained herein were initiated by Defendant(s) who had and have no lawful right to initiate, advance or maintain any foreclosure action against the subject residence.

28. The Defendant(s) have engaged in "robo signers" who names appear on thousands of legal Affidavits and petitions, which further illustrate forgery and overt omissions. At mediation I discovered that Defendant(s) had used unlawful "robo signer" to further perpetuate additional conspiracy by attempting to certify the validity of the foreclosure, borrower, and specific location of the subject residence.

29. That Defendant(s) are with *scienter* concerning such actions as alleged.

## STATEMENT OF CAUSE

This case arises because I am a victim of unlawful foreclosure because the Defendant(s) threaten in the near future to foreclose and sell my home.

The foreclosure is based upon a deed of trust and note that are no longer held by the same entity or party and are based upon a deed of trust that was flawed at the date of origination of the loan. Further, the loans are the actions of each of the Defendant(s) in violation of various federal and state laws. The Defendants have *moved to foreclose and are without lawful right to do so.* I seek damages for the known

unlawful foreclosure by Defendant(s) on the fraudulent Deed of Trust.

Furthermore I am at imminent risk of losing my home because one or more of the Defendant(s) has served upon the notices of foreclosure or notices of default and election to sell, and I hereby seeks emergency injunctive relief and damages. I bring this action as the home is being fraudulently and unlawfully foreclosed upon by Defendant(s) on invalid Deed of Trust, *as the foreclosure having been commenced and advanced in furtherance of the conspiracy pursuant to which every Defendant herein, aided and abetted, and/or participated with, and/or conspired with the other named Defendant(s) in the wrongful course of conduct, or otherwise, caused the damages and injuries claimed herein, and are responsible in some manner for the acts, occurrences and events alleged in this Complaint.*

## FIRST CAUSE OF ACTION
### Unfair Lending Practices; Deceptive Trade Practices; Conspiracy to Commit Fraud and Conversion; Failure to perform a legal obligation

30. As Plaintiff, I re-allege and incorporate by reference all preceding allegations of law and facts as it is fully set forth herein.

31. The Defendant(s) are lenders/debt collectors as defined by 15 USC §1692A and NRS 598D.050; I am a borrower/consumer as defined by 15 USC §1692A and NRS 598D.020, my residence is

a home defined by NRS 598.030; and the loans at issue are
defined by NRS 598D.040.

32. Pursuant to NRS 598D.II O. entitle me to this Court's order
enjoining and/or canceling any foreclosure or trustee's
sale of the property.

33. The rule of law states that commercial lenders are bound to
certain real estate settlement procedures that protect the
public is USC 12 §2601-§2617; 15 USC §1631 (b)

34. It is by information and belief that the defendants totally
dismissed the procedures required for a lawful debtor
creditor relationship.

35. These procedures require a creditor to make certain
disclosures with specific form and timing. 15 USC §1632
(a); 15 USC §1638 (a),(A),(B), (i),(ii), (iii),(3),(4),(5),
(12),(13),(15),[A],[B],(b),(1),(2),[A],[B],(i),(ii),(E); 15
USC §1639 (a),(1),(A),(B),(2),(b),(1),(h),(j)

36. It is by information and belief that the Defendant(s)
neglected to properly disclose important facts throughout
the lending process discounting or dismissing critical
disclosure events that was later used as leverage to
finalize the transaction against my hard cash deposits at
the initial purchase and again at the critical default
point at the first refinance.

37. State and Federal regulations also provide for and govern
the disclosure of origination and other fees involved the
home finance process including the borrower(s) ability to
repay the debt with procedures that measure debt to income
and income verification. 15 USC §1639b (3),(A),(i),(ii),

(C),(D),(i)(ii); 15 USC §1639c (a),(1),(3),(4); NRS 598D.100 (1)(b)

38. The initial cost for my loan bounced from premium to discount to premium. There was no formal standard or medium that I could understand or follow. It seemed that the costs escalated as the transaction seasoned and my hard cash turned non-refundable. There was an obvious pattern that continued again at the critical default point at the first refinance.

39. With transactions involved with real property there must be an appraisal that may not mischaracterize the true value of the residence and that any extension of credit is prohibited in the event of and violation of the appraisal independence standards set within the law. 15 USC §1639e (b)(2),(f)

40. The Defendants herein, continued to enforce mortgages secured by my home that included no evaluation of any commercially reasonable means. It is by information and belief that the lenders in this transaction totally dismissed the standards for a lawful transaction. There was no appraisal offered as existing or available for review.

41. At the completion of each transaction the law provides a clear right of rescission. 15 USC §1635 (a),(d),(i),(A),(B)

42. I never received any documentation that offered a cancellation period.

43. It is unlawful when two or more people, agency or business conspire to defraud another. 18 USC §371

44. From the beginning it seemed that the whole transaction came together surprisingly fast between the Defendant(s) agents. At the point of purchase and critical refinance there were several elements left in question and open for discussion that were never explored or resolved.

45. Nevada law prohibits the act of any person who knowingly makes a false certification or representation in a transaction. NRS 598.0915 §15

46. My transaction has multiple areas of misrepresentation that span from standard disclosures to the confirmation of value thru a missing appraisal.

47. In the event of the discovery of a lender who willfully engages in unfair lending practice brings cause for borrower to cover three times the actual damages and any potential attorney fees. NRS 598D.110 (2)(a-b)

48. It is by information belief that my loan is missing the protection of the above named procedures and that my argument has grounds for treble relief.

49. That in the event it is necessary for me to retain the services of an attorney to further prosecute this action and, therefore, I am entitled to reasonable attorney fees and costs of suit incurred herein.

## IN CONCLUSION

Due to the unfair and deceptive nature of my loan transaction concerning the loan of the subject property and the origination thereof, as the Defendants were paid excessive interest and fees for inflated loan amounts that were unjustified and thoroughly

misrepresented by the terms and conditions at the time of the origination also throughout the service of the subject loan.

The Defendants benefited by concealment of the true terms of the loan, and risky transactions, including but not limited to, negative amortization, prepayment penalty provisions, at my risk of default and foreclosure.

It is alleged the Defendants thoroughly breached the lawful duty of a creditor within the above named events with willful disregard and dismissal for the comprehensive understanding of the performance required for a successful relationship.

That I could not protect myself through the exercise of reasonable due diligence to mitigate my damages or take any affirmative action or countermeasures.

Defendant(s) conspiracy to unlawful deceive me into taking out the subject loan when and how they did as alleged herein was willful, justifying award for punitive damages.

**SECOND CAUSE OF ACTION**
Neglect; Failure to perform a duty; Deceptive Trade Practices;
Failure to perform a legal obligation

50. As Plaintiff, I re-allege and incorporate by reference all preceding allegations of law and facts as it fully set forth herein.

51. In Nevada any beneficial assignment of interest of a mortgage or deed of trust must be recorded in the office of the county recorder for purposes of constructive notice of the contents thereof to all persons. NRS 106.210 (1),(2).There are also Assignee liabilities and notices that identify the details of any transfer of mortgage debt. 15 USC §1641 (g),(1),(D)

52. Upon Information and belief, the defendants herein, have conspired among themselves and other unknown parties to develop a system of earning profits from the origination and securitization of residential loans without regard to my rights and the rights of the members of my community, for the sake of profits, by engaging in predatory and deceptive residential lending practices as alleged herein. In the furtherance of fractional reserve banking, the Defendants conspirators have intentionally created, managed, operated and controlled, for the specific purpose of being designated as a "sham" beneficiary, in my original deed of trust securing my loan. And that the defendants purposefully neglected such procedures to avoid the transparency provided from county recorders and public oversight.

53. There are also Assignee liabilities and notices that identify the details of any transfer of mortgage debt. 15 USC §1641 (g),(1),(D)

54. Defendants intentionally created, managed, operated and controlled this system with the unlawful intent and purpose of making it difficult or impossible for myself and other victims of such industry wide predatory policies and practices to identify and hold responsible the person or entities responsible for the unlawful actions of the Defendants as named herein.

55. The laws that provide protection against creditors in commerce that knowingly make any false representations as to the connection or a certification of a document by another person or engage in the disparagement of documentation by another person by false or misleading representation of facts. NRS 598.0915 3,8,15

56. It is by information and belief that the transfer between the beneficiaries was designed for and used in the process of the dissolving the parties who allegedly endorsed or neglected to endorse the loan in question.

57. Any person who knowingly takes advantage of another person's inability to reasonably protect her own interest in a consumer transaction due to illiteracy or other similar condition which manifest itself as an incapacity to understand the language and terms of the agreement is engage in deceptive trade practices. NRS 598.092 12

58. The originators of the loan exploited my lack of knowledge of the process as a whole. When I found myself confused and lacking in the necessary substance to understand the process I was shuttled to a different condition or requirement within the process leaving my confusion and

lack of understanding at the wayside. Upon my attempt to revisit the elements of confusion my efforts were dismissed and my answers indefinitely postponed.

59. That in the event it is necessary for me to retain the services of an attorney to further prosecute this action and, therefore, I am entitled to reasonable attorney fees and costs of suit incurred herein.

## IN CONCLUSION

The Defendants have, profited from their respective roles in originating the loans, selling them, and pooling the home loans together in large bundles which were sold and turned into financial derivative instruments.

The Defendants casual disregard for performing the legal obligations through the course of our relationship is my call to accountability.

The Defendants are therefore in possession of money that belongs to me and have further attempted deprived me of my home and quiet enjoyment through the exploitation and abuse of the legal process and the lack of public knowledge and understanding.

## THIRD CAUSE OF ACTION
Unfair Lending Practices; Deceptive Trade Practices; Conspiracy to Commit Fraud and Conversion; Failure to perform a legal obligation

60. As Plaintiff, I re-allege and incorporate by reference all proceeding allegations of law and facts as it is fully set forth herein.

61. There are procedures and rules of law that state commercial lenders are bound to certain real estate settlement procedures that protect the public. 12 USC §2601-§2617; 15 USC §1631 (b). These procedures require a creditor to make certain disclosures with specific form and timing. 15 USC §1632 (a); 15 USC §1638(a),(A),(B),(i),(ii),(iii),(3),(4), (5),(12),(13),(15),[A],[B],(b),(1),(2),[A],[B],(i),(ii)(E); 15 USC §1639 (a),(1),(A),(B),(2),(b),(1),(h),(j).

62. Upon information and belief, the escalating payments and/or increases in the interest rate were not properly disclosed.

63. State and Federal regulations also provide for and govern the disclosure of origination and other fees involved the home finance process including the borrowers' ability to repay the debt with procedures that measure debt to income and income verification. 15 USC §1639b (3),(A),(i),(ii), (C),(D),(i)(ii); 15 USC §1639c(a),(1),(3),(4); NRS 598D.100 (1)(b)

64. It is by information and belief that the Defendant(s) herein dismissed any reasonable mechanism that would demonstrate my capacity to repay the alleged loan. Defendants herein know or should have known that the loan made herein was based on stated income with no verification that would normally support my ability to repay the loan.

65. Defendant(s) and each of them, knew prior to their origination of my loan or acceptance of the loans for servicing and subsequent transfer of the loans that I was not qualified to make payments under the loan terms; however, Defendant(s) know or should have known that I would rely, and did rely on Defendants representation, and the representations of Defendant(s) agents, as alleged herein related to my ability to repay the loan or to refinance a new loan at a later period in time, influencing me in taking the loan and signing the documents.

66. In the spirit of continued profits amongst the Defendants the accountability of correctly underwriting my ability to qualify and repay the alleged loan has turned into a desert mirage of misrepresentations.

67. With transactions involved with real property there must be an appraisal that may not mischaracterize the true value of the residence and that any extension of credit is prohibited in the event of and violation of the appraisal independence standards set within the law. 15 USC §1639e(b)(2),(f)

68. The Defendant(s) herein, continued to enforce mortgages secured against my home that included no evaluation of any commercially reasonable means. It is by information and belief that the lenders in this transaction totally dismissed the standards for a lawful evaluation of value. There was no presentation of an appraisal or any disclosure of value during the string of events I experienced with the Defendant(s).

69. At the completion of each transaction the law provides a clear right of rescission. 15 USC §1635 (a),(d),(i),(A),(B)

70. I never received any disclosures that expressed or implied and cancellation or rescission period.

71. There are also Assignee liabilities and notices that identify the details of any transfer of mortgage debt. 15 USC §1641 (g),(1),(D)

72. That Defendant(s) did not furnish or provide the correct Notice of Servicing that the loan may be assigned, sold or transferred.

73. For two or more people, agency or business to conspire to commit any offence of effect the object of a conspiracy to defraud another is unlawful. 18 USC §371

74. Defendants and lenders, Securitizers, and/or servivers participating in the MERS system serviced and received my previous payments formed an association to conspire to deprive me of my property through fraud and misrepresentation that would resulted in me entering into loan agreements for which I was ultimately not qualified and which would eventually result in my inability to make payments and stay in my home.

75. Upon information and belief, in furtherance of the conspiracy, Defendant(s) intended to, and succeed in the packaging of my flawed loan with other loans to sell them on the secondary market, to congressionally chartered agencies, which as a taxpayer I am involved in supporting, resulting in a substantial profit to the Defendant(s) above and beyond the standard yield normally realized.

76. Nevada law also prohibits the act of any person knowingly makes a false certification or representation in a transaction. NRS 598.0915 §15

77. The Defendant(s) know or should have known that the originators of the loan made promises to me that refinancing would be available when or if any monthly payments on Adjustable Rate Note increased.

78. In the event of the discovery of a lender who willfully engages in unfair lending practice is liable to the borrower three times the actual damages and potential attorney fees. NRS 598D.110(2)(a-b)

79. That Defendant(s) individually or collectively received kickbacks, unearned fees, or a thing of value of the real estate settlement, entitling me to treble the amount of damages with potential attorney fees.

80. That in the event it is necessary for me to retain the services of an attorney to further prosecute this action and, therefore, I am entitled to reasonable attorney fees and costs of suit incurred herein.

## IN CONCLUSION

Defendant(s) legal objective of packaging my loan with other loans and selling the loan was accomplished by illegal means in procuring the loans because of the Defendants violation of law as alleged herein.

Defendant(s) actions as complained constitute unfair lending practices and are violations of the law designed to protect me.

The actions, breach of duties and the Defendant(s) neglect to lawfully perform to capacity have caused me to realized damages on several levels as a result thereof as alleged herein. Thus the Defendant(s) committed acts which constitute unlawful stripping.

Upon information and belief, Defendant(s) knew that my loan would be subject to foreclosure as a result of my inability to make payments on the loan. After the payments escalated during the term of the loan my ability to make payments quickly dissolved with my ability to qualify for a refinance, at a later date, after the payments began to escalate.

Furthermore the Defendant(s) intended that I would default on the loan and Defendant(s) would be in a position of seizing my home in a foreclosure action at a substantial discount, unlawfully depriving me of the property that I have improved and preserved.

The Defendant(s) engaged in deceptive trade practices by knowingly making false representations.

The actions of Defendant(s) were intentional or taken with callous disregard of the damage that would result to me. As such, I am entitled to recover punitive damages in amount to be determined at trail.

As a result of the Defendant(s) conspiracy described herein, I
have suffered injuries which include mental anguish, emotional
distress, embarrassment, humiliation, loss of reputation and
decreased credit rating, as of which has, or will impair my
ability to obtain credit at a more favorable rate the before the
decrease in credit rating, the fear of the anticipated loss of
my home and other financial losses according to proof including
the court costs and fees incurred in this matter.

Upon information and belief, the Defendant(s) conspirators,
through the creation of this fractional banking system as
alleged herein, adopted and implemented residential lending
guidelines for use in Nevada and in other states which were
intended to, and did, generate unprecedented profits for the
Defendant(s) conspirators and their co-conspirators at the
expense of me and the members of this community and other
persons who were fraudulently induced by the Defendant(s)
conspirators and their co-conspirators, at the time the loans
were originated and; were likely to result in foreclosure of the
loans and losses by myself and other borrowers and their homes,
with reckless disregard and intentional indifference by the
Defendant(s) conspirators and their co-conspirators of the
likelihood of such foreclosure.

It's my belief Defendant(s) herein acted as creators for the
conspiracy to hide their unlawful activity of the co-conspirator
agents and brokers and also acted and participated in action

such as Lenders, Servicers and Securitizers within the conspiracy.

Defendant(s) knew or should have known that had the truth been disclosed, I would have not entered into the loan when and how I did.

Defendant(s) have committed and continue to commit unfair lending practices in violation of law.

That I could not protect myself through the exercise of reasonable due diligence to mitigate my damages or take any affirmative action or countermeasures.

Defendant(s) conspiracy to unlawful deceive me into taking out the subject loan when and how they did as alleged herein was willful, justifying award for punitive damages.

### FOURTH CAUSE OF ACTION
Wrongful Foreclosure; Neglect; Failure to perform a duty; Deceptive Trade Practices; Failure to perform a legal obligation

81. As Plaintiff, I re-allege and incorporate by reference all preceding allegations of law and facts as it is fully set forth herein.

82. A debt collector may not use any false or misleading representation in connection with the collection of any debt including the false representation of the character or

legal status. Furthermore the use of any written
communication which simulates an authorized document which
creates a false impression or the use of any false
representation as means to collect or attempt to collect a
debt and the false implication of documents purported as a
legal process are prohibited activities. 15 USC §1692e
(2),(A),(9),(10),(13)

83. The defendants herein have actively engaged me for the
surrender of my home under the false pretence that I am to
satisfy their flawed obligation. They have sent me several
communications in attempt to compel me to affirm and repay
the obligation in controversy.

84. It is also unfair for a debt collector to take or threaten
to take non-judicial action to effect the disposition of a
residence when there is no present right of possession, as
claimed by the Defendants, as collateral through an
enforceable security interest. 15 USC §1692f (6),(A)

85. The efforts of the defendants to foreclose upon my home
have expanded to the defendants sending third party vendors
to my door step; interrupting the quiet enjoyment; leaving
propaganda at my front doorstep in a effort to misguide my
understanding of the context of their claim against my home
in so much as to offer financial incentives to persuade the
surrender or abandonment of my home.

86. It also unlawful to design or furnish a form knowing that
such form would be used to create a false belief in a
consumer that a person other than the creditor who is

participating in the collection of a debt, when in fact
such a person is not so participating. 15 USC §1692f

87. In the efforts of the Defendant(s) to strip me of my home
they have furnished false documentation to state of Nevada
mediation authorities in a effort to support the
foreclosure claim.

88. The court shall consider the frequency and persistence of
non-compliance and the sufficiency or lack of sufficiency
of procedures in determining the civil liability for non-
compliance. 15 USC §1692k (b),(1),(c)

89. The Defendant(s) herein have exploited my loan on several
levels. There are several law suits against the
Defendant(s) across the United States. It is in the same
theme of character and form that these unlawful activities
have provided record of profits for the Defendant(s). It
public knowledge that the Defendant(s) have received record
profits and continue to receive the same. In addition the
Defendant(s) have discovered it to be in the spirit of
profits to continue to abuse and violate the above named
laws due to the lack of public accountability, awareness
and resources.

90. In any matter within this jurisdiction any person or
business who knowingly and willfully falsifies, covers up
by any trick, makes any materially false or fraudulent
statement or uses any false writing or document knowing the
same to contain any materially false or fictitious
statement or entry shall be in violation of federal law. 18
USC §1001

91. Upon the initiation of the Defendant(s) charge against my home the Defendant(s) filed a insufficient Notice of Default ignoring the lawful procedures required to purposefully recover for any alleged breach of performance.

92. As confirmation in the foreclosure procedures, the beneficiary must cause to be recorded in the office of the county recorder a notarized affidavit of authority prior to any notice of breach or election to sell to satisfy an obligation. Such affidavit shall include specific details regarding the identification of all parties involved and the expressed authority to exercise any power of sale. NRS 107.080 (2)(c)(1-6)

93. The Defendant(s) herein ignored the standard of authority required by Nevada law. No affidavit has been filed or received by the Defendants that confirm any affirmative claim directed towards my home.

94. If the court finds that the beneficiary did not comply with the procedure mandates within the state guidelines that treble damages, with reasonable attorney fees, if applicable, be rewarded and an injunction enjoining the exercise of the power of sale until the beneficiary is compliant. NRS 107.080 (7)(a-c)

95. The Defendant(s)herein have ignored the lawful procedures within Nevada which, lay claim and provide grounds for treble damages and potential attorney fees.

96. That in the event it is necessary for me to retain the services of an attorney to further prosecute this action

1   and, therefore, I am entitled to reasonable attorney fees
2   and costs of suit incurred herein.

3

4                          **IN CONCLUSION**

5   In conclusion the Defendant(s) have ignored the legal standards
6   and protections provided to consumers in the United States. The
7   unlawful activities have included false and misleading documents
8   and events that I pray the court finds predatory and un-
9   acceptable.

10

11  The Defendant(s) frequency and persistence shine though the
12  neighborhoods in this community via blighted and abandoned
13  properties that other home owners and families have resigned.

14

15  The breach of duty to lawfully protect and preserve the chain of
16  procedures to a lawful claim and recovery has been ignored. It
17  is by information and belief that the Defendant(s) have used
18  their commercial precedence to intimidate me and the members of
19  my community into surrendering our homes under these flawed
20  instruments.

21

22                       **FIFTH CAUSE OF ACTION**
                Failure to perform a duty; Deceptive Trade Practices; Failure
23                        to perform a legal obligation;

24

25  97. As Plaintiff, I re-allege and incorporate by reference all
26       preceding allegation of law and facts as it is fully set
27       forth herein.

28

98. The implementation and purpose of economic recovery legislation has been designed to stabilize the mortgage industry to restore liquidity and stability in the financial system of the United States and provide an authority to protect home values and preserve homeownership. 12 USC §5201 (2),(A),(B)

99. That the Defendants herein have improperly and/or unlawfully recorded a Notice of Breach and Election to Sell and Foreclosure against my home and have began the foreclosure process pursuant to the above referenced flawed Deed of Trust.

100. Federal law also provides consent to reasonable loan modification requests, loss mitigation measures including term extensions, rate reductions, principal write-downs or removal of other limitations on modifications. 12 USC §5219 (c)

101. Defendant(s) breached these obligations by, among other things by failing to and/or refusing to negotiate with me in good faith, after I requested mortgage assistance under HAMP; Failing to properly identify whether I meet the minimum HAMP eligibility requirements and may therefore be eligible for a mortgage modification; for excluding me in the determination of who meets the minimum HAMP eligibility requirements, for failing to determine if I qualify for HAMP modification and failing to offer modifications as required by HAMP; failing to notify me in writing of the determinations regarding the eligibility for mortgage modifications and the reasons for those determinations with

sufficient detail to enable me to determine whether the decision is correct; initiating and continuing foreclosure action that had previously been commenced against me after I met the minimum HAMP eligibility criteria; failing to temporarily suspend foreclosure actions while the mortgage modification was considered or alternative prevention options.

102. The efforts to utilize the federal relief name above has been turned into a run-a-round routine of phone calls and transfers between phone specialists. From the beginning to end the procedures I experienced where nothing more than charade of nonsense.

103. Each mortgage servicer participating in the Making Home Affordable initiative shall provide each borrower whose request for a mortgage modification under the program is denied, the details and related input data used in the analysis performed and determination of any applicable participation within the program. 12 USC §5219a (a)

104. The Defendants herein have not given me any valid substance regarding my efforts to participate the federal programs named above. As with the phone communications, it would appear from my previous attempts to realize any relief from these resources that the Defendant(s) have neglected to provide the human resources necessary to service its customers who face these same problems.

105. That in the event it is necessary for me to retain the services of an attorney to further prosecute this action

1    and, therefore, I am entitled to reasonable attorney fees
2    and costs of suit incurred herein.

3

4                            **IN CONCLUSION**
5    The legal obligations and breach of duty have been ignored and
6    command restitution.

7

8    Defendant(s) willfully failed to properly review or consider my
9    HAMP application and failed to suspend the flawed foreclosure
10   action and further failed to provide me with any reasonable
11   alternative foreclosure prevention options as required by HAMP
12   guidelines and other federal applicable guidelines.

13

14   Defendants knowingly misrepresented material representation to
15   me on application, and re-application under a misrepresented
16   attempt to modify and negotiate to keep my home while other
17   Defendants' parties were proceeding in foreclosure without
18   proper due notice, and fair dealing, all a violation of Nevada
19   statutes all "but for" the Defendants greed.

20

21   The actions of the Defendant(s) in initiating the foreclosure by
22   recording the Notice of Breach and Election to Sell constitute
23   libel of title against the subject property. If Defendant(s)
24   foreclose under Nevada's power of sale foreclosure law, such
25   foreclosure sale and/or transfer of title to Defendants' or any
26   third party is unlawful, invalid and a void transaction.
27   Defendant(s) have no power, authority, or right to foreclose or
28   to sell my home.

The Defendant(s) have failed to provide loan documents when requested.

The Defendant(s) benefited by their agents failing to disclose material terms of my loan and incidental services by inter alia failing to explain the fact that I and others similarly situated were not qualified to enter into the loans on the terms stated and willfully neglected the standard of care that I should be entitled as a consumer.

## SIXTH CAUSE OF ACTION
### Conspiracy to Commit Fraud and Conversion Fraud and Conversion; Failure to perform a duty; Deceptive Trade Practices; Failure to perform a legal obligation

106. As Plaintiff, I re-allege and incorporate by reference all preceding allegations of law and facts as it is fully set forth herein.

107. A debt collector may not use any false or misleading representation in connection with the collection of any debt including the false representation of the character or legal status. Furthermore the use of any written communication which simulates an authorized document which creates a false impression or the use of any false representation as means to collect or attempt to collect a debt and the false implication of documents purported as a legal process are prohibited activities. 15 USC §1692e (2),(A),(9),(10),(13)

108. Upon the Defendant(s) submission for petition for certification I discovered several pertinent details that were missing or otherwise omitted from the document that affirms the Defendant(s) authority via details and information to foreclose. In Nevada prior to trustee sale the charge against the residence must have follow a specific form and timing. It is alleged the Defendant(s) used under qualified technicians with a notary stamp in the presumed capacity of vice president. These technicians stamped petitions to foreclose with blatant disregard to the identification of the specific borrower(s) or a specific legal description of the residence in question. In the continued spirit of profit and ignorance of the law, the Defendant(s) dissolved the validity of the petitions/ certifications by fraudulently associating insufficient documentation with thousands of homes. The question of which petition matches what property and borrower was completely ignored. In essence the Defendants used the same petitions against several mortgage accounts when lawful procedures require a separate petition for each foreclosure.

109. In the Unites States it is unlawful to falsely make or otherwise counterfeit property or documents for use in commerce. 18 USC §21(a)(1)

110. It is by information and belief that the Defendant(s) have otherwise counterfeited the petition/ certification to foreclose only for efficiency and convenience.

111.When an individual authorized by law to make a certificate or other writing, who knowingly makes and delivers the writing as true, when that writing contains a statement which he knows to be false is in violation of the law. 18 USC §1018.

112.It by information and belief that the Defendant(s) have utilized a systematic process of fraud to intimidate me into the surrender of my home. The Defendant(s) have procured not only a insufficient petition to foreclose but other media to persuade me of their claim as being valid.

113.In Nevada, before a bank can foreclose on an owner occupied residence the creditor must send notice to the debtor, in writing, a contact phone number to initiate a loan modification. NRS 107.086 2, a, (1)

114.The Defendant(s) have not sent any communication that establishes a point of contact with any party who can delegate any authority or decision for a loan modification.

115.Upon election of mediation the beneficiary of the deed of trust shall bring to the mediation the original or certified copy of the deed of trust, the mortgage note and each assignment of the deed of trust to affirm the debtors rights to receive certification for sale. NRS 107.086 (4)

116.I have requested various information regarding various sale, transfer of funding sources, legal and beneficial ownership changes, charges, credits, debits, transactions, reversals, and payments to which I have been unsuccessful in receiving. Although I have requested this information,

1   Defendant(s) have failed to disclose the same or provide
2   presently accurate account information.

3   117. No person shall falsely make a record or other authentic
4   matter, due bill for the payment of money, or request for
5   the payment of money, with the intent to damage or defraud
6   any person. Nor shall any person utter or publishes a
7   fictitious document to defraud or purport to be a bill or
8   other instrument in writing for the payment of money. NRS
9   205.090; NRS 205.100

10  118.The Defendant(s) herein have attempted on several
11  occasions to mail me demands for the alleged unlawful debt
12  against my home with no legal standing to support their
13  claim.

14  119.Every person who, knowing the same to be forged, with the
15  intent to defraud, shall utter or put off as true the false
16  making shall be guilty of forgery the same as if the person
17  had forged the same. NRS 205.110

18  120.The Defendant(s) have several vendors who work as agents
19  of the Defendant(s). These venders have initiated
20  activities against the quiet enjoyment and peace of my
21  home. The documents that the third party vendors have
22  utilized several misrepresentations as to the who the
23  correct creditor is and where re-payment should be
24  realized.

25  121.A person shall not cause a petition (referendum or other
26  petition circulated in the pursuance of any law) to be
27  filed when that petition contains any false information.
28  NRS 205.125 (4),(6)

122. The Defendants herein have filed a false petition with the Mediator Administration in this State that perpetuate the Defendants unlawful activities and unlawful claim for unjust enrichment against my home.

123. Each person who shall be a party to any fraudulent conveyance, or any right or interest issuing out of the same, contrived with intent to deceive and defraud others is to be held accountable by the law. NRS 205.330

124. The Defendant(s) agents with their unlawful shenanigans did file a petition for foreclosure certification to the Nevada Mediation Administration which clearly illustrates the Defendants lack of respect for Nevada law and the necessary identification details within the petition. Further more the defendants misrepresented the capacity of the authorized signer as a vice president of the corporation when in fact the authorized signer's station in the organization equaled the merit of a customer service specialist with a notary stamp.

125. The laws also provide protection against venders in commerce that knowingly make any false representations as to the connection or a certification of a document by another person or engage in the disparagement of documentation by another person by false or misleading representation of facts. NRS 598.0915 3, 8 ,15

126. As previously stated the defendants used false representations to support the unlawful claim against my home through the attempted use of a fraudulent certification.

127. Any person who knowingly takes advantage of another
person's inability to reasonably protect her own interest
in a consumer transaction due to illiteracy or other
similar condition which manifest itself as an incapacity to
understand the language and terms of the agreement is
engage in deceptive trade practices. NRS 598.092 12

128. From start to finish my transaction was flurry of papers
and rushed events. My questions were discounted and my
objections dismissed. In the chain of events I remembered
being captured into a funnel of "bait and tackle" products
and false pretenses to influence me to sign the loan papers
the initial purchase and again upon re-finance.

129. That in the event it is necessary for me to retain the
services of an attorney to further prosecute this action
and, therefore, I am entitled to reasonable attorney fees
and costs of suit incurred herein.

## IN CONCLUSION

I never pledged any debt to the Defendants, I feel the
defendants are strangers to me and my residence and their claim
has no grounds.

Defendant(s) foreclosure was statutorily defective pursuant to
Nevada law and lack the procedural and legal obligations that I
am entitled to a consumer.

I have also requested various information regarding various
sale, transfer of funding sources, legal and beneficial

ownership changes, charges, credits, debits, transactions, reversals, and payments with no success

Although I requested this information, Defendant(s) have failed to disclose the same. I can only presume that their claim to my home is unlawful and must be argued.

## SEVENTH CAUSE OF ACTION

### Inspection and Accounting

130. As Plaintiff, I re-allege and incorporate by reference all preceding allegation of law and facts as it is fully set forth herein.

131. Due to the unfair and deceptive nature of the my loan transaction *concerning the loan of the subject property and the origination thereof,* as the Defendant(s) were paid excessive interest and fees for inflated loan amounts that were unjustified and thoroughly misrepresented by the terms and conditions as the time of the origination also throughout the service of the subject loan.

132. The Defendant(s) are therefore in possession of money that belongs to me and have deprived me of its possession and enjoyment.

133. I have various forms of communication with Defendant(s) parties about the accounting and servicing of their loans.

134. I have also requested various information regarding various sale, transfer of funding sources, legal and

beneficial ownership changes, charges, credits, debits, transactions, reversals, and payments.

135. Although I have requested this information, Defendant(s) have failed to disclose the same or provide presently accurate account information.

136. As a customer of Defendant(s) parties, and as a direct party contract, I am entitled to disclosure for copy inspection and accounting on my account information.

137. As a direct and proximate result of the Defendant(s) misconduct, I have sustained actual, special, and consequential damages in excess of $10,000.00

138. That in the event it is necessary for me to retain the services of an attorney to further prosecute this action and, therefore, I am entitled to reasonable attorney fees and costs of suit incurred herein.

## EIGHTH CAUSE OF ACTION

### Quiet Title

139. As Plaintiff, I re-allege and incorporate by reference all preceding allegation of law and facts as it is fully set forth herein.

140. That the Defendant(s) herein have improperly and/or unlawfully recorded a Notice of Breach and Election to Sell and Foreclosure against my home and have began the foreclosure process pursuant to the above referenced Deed of Trust.

141. The actions of the Defendant(s) in initiating the
foreclosure by recording the Notice of Breach and Election
to Sell constitute libel of title against the subject
property. If Defendants foreclose under Nevada's power of
sale foreclosure law, such foreclosure sale and/or transfer
of title to Defendants' or any third party is unlawful,
invalid and a void transaction. Defendants' have no power,
authority, or right to foreclose or to sell subject
property.

142. That I am is entitled to an Order of the Federal court
District of Nevada, quieting title to my home and against
the named Defendant(s) or any third party acquiring title
by invalid or vois trustee's sale. That such order is
legally justified under Federal law and Nevada Statutes
governing Quiet Title Actions and/or Declaratory Relief.

143. That in the event it is necessary for me to retain the
services of an attorney to further prosecute this action
and, therefore, I am entitled to reasonable attorney fees
and costs of suit incurred herein.


## NINTH CAUSE OF ACTION

### Unjust Enrichment


144. As Plaintiff, I re-allege and incorporate by reference all
preceding allegations of law and facts as it is fully set
forth herein.

145. I am informed and believe and thereon alleges that the Defendant(s) in this case have received insurance reimbursement(s) under terms of an insurance policy to protect Defendant(s) in the event the buyer went into default on payment of the subject promissory note. Said payments would be paid when the note went into default as set forth above.

146. That as a result of the Defendant(s) collection on various investments and insurances concerning the promissory note on the subject property that there is in the very least an offset to their alleged losses on the subject notes. But the Defendant(s) are now seeking to re-acquire the residence ostensibly for the purpose of selling the property at a substantial profit.

147. That as a result of payment to the Defendant(s) under any insurance policy or secondary market investment upon the default in payments and the re-acquisition of the SUBJECT PROPERTY constitute a unjust enrichment to the Defendant(s) because the Defendant(s) have been fully or partially paid or compensated for any alleged losses.

148. Based on the forgoing, I seek credits and a "realized" accounting thereof for payments made to the Defendant(s) for the alleged default and secondary investment markets as only "true" damages or obligations under the Deed of Trust between the parties cannot be readily discernable until revealed. Thus, Defendant(s) moving when and how they have against me and my home and their argument for default and foreclosure proceedings is moot, without standing, baseless

1   and predatory as it is schemed on erroneous information or
2   fraud and should be regarded as such until proper discovery
3   can allow a balanced overview and remedy for the parties
4   concerned.

5   149. That in the event it is necessary for me to retain the
6   services of an attorney to further prosecute this action
7   and, therefore, I am entitled to reasonable attorney fees
8   and costs of suit incurred herein.

9

10                    **TENTH CAUSE OF ACTION**

11                       Injunctive Relief

12

13   150. As Plaintiff, I re-allege and incorporate by reference all
14   preceding allegations of law and facts as it is fully set
15   forth herein.

16   151. I will likely succeed on the merits of her claims as set
17   forth herein.

18   152. If the Defendant(s) prevails in the sale and foreclosure
19   of my home, then I will be irreparably harmed because the
20   property is unique in nature and no adequate remedy at law
21   exists to replace the property.

22   153. A temporarily restraining order, preliminary injunction,
23   and/or permanent injunction is necessary to:
24       a. Prevent the Defendant(s) parties from foreclosing on
25          the subject property; and;
26       b. To stay eviction proceedings and;
27       c. Compel the Defendant(s) parties to functionally modify
28          the terms of the loan on the subject property.

154. I am entitled to judicial determination that the
     Defendant(s) parties cannot sell, convey the property so as
     to enforce the *Deed of Trust under false pretenses* and that
     the Defendant(s), its assignees and/or successor be
     declared to have no right to foreclose and/or to evict me
     from my home.

155. That any trustee sale is to be declared null, void, and
     improper.

156. That in the event it is necessary for me to retain the
     services of an attorney to further prosecute this action
     and, therefore, I am entitled to reasonable attorney fees
     and costs of suit incurred herein.


### ELEVENTH CAUSE OF ACTION

Declaratory Relief


157. As Plaintiff, I re-allege and incorporate by reference all
     preceding allegations of law and facts as it is fully set
     forth herein.

158. A justiciable controversy exists between myself and
     Defendant(s).

159. The specific controversy is the Defendant(s) violation of
     federal and state compliance from the origination of the
     loan, through out the service of the subject loan, the
     statutorily defective and unlawful foreclosure and
     attempted conveyance of title of my home, the acts of
     harassment against me and the predatory conduct of the
     Defendant(s) parties herein after the fact and their

egregious attempts to profit from my determent and Defendant(s) non compliance with HAMP guidelines and state and federal foreclosure avoidance procedures as pled herein.

160. Defendants' have committed and continue to commit unfair lending practices in violation of NRS 598D

161. I have a legally project able interest in the controversy.

162. The issue is ripe for judicial determination because, inter alia, it presents an existing controversy as to the Parties' rights and obligation under the loan agreements and contract at issue herein.

163. Accordingly, I am entitled to a declaratory judgment under the Uniform Declaratory Judgments Act, NRS 30.0] 0 *el seq.*, finding that JP Morgan Chase Bank N.A. continues to violate truth in lending laws.

164. That in the event it is necessary for me to retain the services of an attorney to further prosecute this action and, therefore, I am entitled to reasonable attorney fees and costs of suit incurred herein.

## TWELTH CAUSE OF ACTION

### Rescission

165. As Plaintiff, I re-allege and incorporate by reference all preceding allegations of law and facts as it is fully set forth herein.

166. As Plaintiff I am entitled to full rescission against the flawed loan for all of the flowing reasons, each of which provide independent grounds for relief:

    a. My alleged consent was obtained only though, Defendant(s) parties by and of their representing agents Fraud and Breach of Fiduciary duties:

    b. Defendant(s) never disclosed the true note holder, but rather the loan was securitized *and* I was not aware of this until inflicted by the foreclosure process- i.e. equitable tolling applies;

    c. Defendant(s) parties failed to provide accurate federally required disclosure;

    d. Defendant(s) breached their contractual obligations; and

    e. The public interest would be prejudiced by permitting the alleged contract to stand, as such action would reward an unscrupulous lender.

167. I herby demands restitution from the Defendant(s) parties as named herein in an amount that will restore me to a position I would have been if the Defendant parties, had not entered my life, through the course of the conduct herein alleged.

**WHEREFORE,** I pray for a Judgment jointly and severally as follows:

1. That a Recession Order be entered by this Court against the Defendant(s);

2. That I be awarded consecutive  damages in an amount in excess of $10,000.00;

3. That by said Decree or Order, it be declared and adjudged that said I am the true owner of the subject property, in fee simple, and that Defendant(s), and each of them, have no estate or interest whatsoever, in or to the subject real property, land, and premises; and a temporary restraining order and Injunction prohibiting any foreclosure action or eviction;

4. That the Defendant(s) be compelled to a novation concerning the loan on the subject property to effective and beneficial terms for all parties concerned.

5. That Defendant(s), its assignees and or successors be declared to have no right to foreclose upon the subject property and/or engage in eviction proceedings against me;

6. For award damages pursuant to NRS 598D

7. For award damages of conspiracy to violate Nevada law as pled;

8. For award for emotional distress

9. For applicable necessary attorney fees, paralegal fees and court costs of suit, with respect to the filing and prosecution of this lawsuit; and

10. For such other relief as the Court finds to just and proper.

Dated this 9ᵗʰ day of July, 2012

By: _____

Hanh Nguyen
2131 E. Camero Ave.
Las Vegas NV.89123

### ACKNOWLEGEMENT

Subscribed and sworn to before me this _____9ᵗʰ_____ day

of __July__, 2011.

Signed: _____

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
EARL JAMES GRAHAM
No: 05-100758-1
My Appointment Expires Oct. 27, 2013

NOTARY PUBLIC in and for the County of Clark, State of Nevada.

# CERTIFICATE OF SERVICE

I herby certify that the service of the forgoing document was personally provided to the following on the 9th day of July, 2012.

Via United States Mail to the following:

        Jay Earl Smith, Esq.
        Katie M. Weber, Esq.
        SMITH LARSON & WIXOM
        Hill Center Business Park
        1935 Village Center Cir.
        Las Vegas, NV. 89134

I declare under the penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Dated: 7/9/12

Dis-interested third party

- 1