Kent F. Larsen, Esq.
Nevada Bar No. 3463
Katie M. Weber, Esq.
Nevada Bar No. 11736
SMITH LARSEN & WIXOM
Hills Center Business Park
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel: (702) 252-5002
Fax: (702) 252-5006
Email: kfl@slwlaw.com
       kw@slwlaw.com
Attorneys for Defendants
JPMorgan Chase Bank, N.A., individually
and as an acquirer of certain assets and liabilities of
Washington Mutual Bank, FA from the FDIC,
acting as receiver, and California Reconveyance
Company

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| HANH NGUYEN,<br><br>    Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL, BANK N.A.;<br>JPMORGAN CHASE BANK, N.A.;<br>CALIFORNIA RECONVEYANCE<br>COMPANY; and DOE individuals 1 to 100,<br>inclusive; and ROE corporations 1 to 30,<br>inclusive,<br><br>    Defendants. | ) CASE NO.   2:11-cv-01799-LRH-RJJ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **DEFENDANTS' OPPOSITION TO**<br>) **PLAINTIFF'S MOTION FOR LEAVE OF**<br>) **COURT TO ALLOW PLAINTIFF TO**<br>) **AMEND COMPLAINT (DOCKET NO.**<br>) **18)**<br>)<br>)<br>)<br>) |

Defendants JPMorgan Chase Bank, N.A., individually and as an acquirer of certain assets and liabilities of Washington Mutual Bank, F.A. from the Federal Deposit Insurance Corporation, acting as receiver ("Chase"), and California Reconveyance Company ("CRC") (collectively, "Defendants"), hereby file this opposition (the "Opposition") to Plaintiff's Motion for Leave of Court to Allow Plaintiff to Amend Complaint (Docket No. 18) (the "Motion to

Amend" or "Motion").  This Opposition is supported by the following Memorandum of Points

and Authorities, the record herein, and any arguments that may be presented at a hearing hereon.

DATED this __26__ day of July, 2012.

SMITH LARSEN & WIXOM

_____
Kent F. Larsen, Esq.
Nevada Bar No. 3463
Katie M. Weber, Esq.
Nevada Bar No. 11736
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendants
JPMorgan Chase Bank, N.A., individually
and as an acquirer of certain assets and liabilities of
Washington Mutual Bank, FA from the FDIC,
acting as receiver, and California Reconveyance
Company

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff Hanh Nguyen filed this action in state court, apparently in an attempt to avoid nonjudicial foreclosure proceedings on her property, and Defendants removed the action to this Court. Shortly after removal, Plaintiff sought leave to amend her complaint, which request was granted. (*See* Docket Nos. 10 and 15.) Since then, Plaintiff has sought to amend the complaint two more times, including the instant request. (*See* Docket Nos. 16 and 18.) This judicial gamesmanship must stop, and Defendants therefore respectfully submit that the pending Motion to Amend should be summarily denied to allow the parties to proceed with this litigation.

## II. LEGAL STANDARD

It has long been established that denial of leave to amend is proper where the proposed amendment would be futile or is done in bad faith. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996) (futile amendments should not be accommodated); *Loehr v. Ventura Cty. Comm. College Dist.*, 743 F.2d 1310, 1319-20 (9th Cir. 1984); *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999); *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999) ("[P]arties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim."); *Bailey v. Sullivan*, 885 F.2d 52, 59 (3d Cir. 1989) ("No purpose would be served by allowing [an] ... amendment to the complaint to add a challenge which would be dismissed.").

Plaintiff's Motion to Amend must be denied because it has been brought for an improper purpose; *i.e.*, to needlessly prolong this baseless litigation. Likewise, the Motion should be denied because the proposed "Second Amended Complaint" is futile in that the only additional claim for relief sought to be added is legally unsustainable.

3

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 · FAX (702) 252-5006

### III. ARGUMENT

### A.  The Motion to Amend Should Be Denied Because It Has Been Brought in Bad Faith

It is clear that Plaintiff seeks leave to amend to delay the inevitable: the trustee's sale of the subject property and subsequent eviction from the premises.  A court has discretion to deny leave to amend where it is sought in bad faith.  *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).  Plaintiff has continued to reside in the subject property since her default without making any payments on her mortgage loan.  The longer this matter remains in litigation, the longer Plaintiff continues to reside rent-free.  Thus, Plaintiff's intentions are to further delay this litigation and extend her rent-free possession of the property.  However, delay is an improper reason to seek leave to amend.  *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).  This, alone, is reason enough to deny the Motion to Amend.  Thus, Plaintiff should not be given leave, yet again, to amend her complaint to further delay these proceedings.

### B.  Plaintiff's Motion To Amend Should Be Denied Because the Proposed Amendments Are Futile

Plaintiff's Motion to Amend should also be denied because the additional claim for relief asserted in the proposed Second Amended Complaint is unsustainable in any event, and therefore futile.  Specifically, the claims alleged in Plaintiff's original complaint in this matter (*see* Petition for Judicial Review, Docket No. 1, at Exhibit A, p. 2) are nearly identical to those raised in the proposed Second Amended Complaint.  (*See,* Motion to Amend, p. 4.)  It appears the only new claim for relief asserted in this new proposed pleading is one for "neglect," or "failure to perform a legal obligation."  (*Id.*)  As set forth in further detail below, such a claim is without merit, and therefore futile, and the Motion to Amend must be denied.

. . .

4

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

SMITH LARSEN & WIXOM
A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

## (1)  Plaintiff's "Neglect" Claim Cannot Be Sustained

Presumably, Plaintiff's proposed claim for "neglect" or "failure to perform a legal obligation" is meant to be a general claim for negligence.   A negligence claim against Defendants would fail for at least two main reasons.

First, Plaintiff cannot establish the elements of negligence.   To state a claim for negligence, Plaintiff must establish: (1) an existing duty of care; (2) breach; (3) legal causation; and (4) damages.   *See Turner v. Mandalay Sports Entm't, LLC*, 124 Nev. 213, 217, 180 P.3d 1172, 1175 (2008).   Plaintiff cannot establish breach of any extra-contractual duty owed by Wells Fargo, fiduciary[1] or otherwise.   *See, e.g.*, *Nymark v. Heart Fed. Savings and Loan Assoc.*, 231 Cal. App. 3d 1089, 1096 (1991) (no duty of care owed by a financial institution when the institution's involvement in the loan transaction does not exceed the scope of a mere lender). Absent duty and breach, there can be no causation or damages.

Furthermore, any damages claim is precluded because the economic loss doctrine precludes the recovery of purely monetary losses in negligence cases.   *See Terracon Consultants Western, Inc. v. Mandalay Resort Group*, 125 Nev. 66, 206 P.3d 81 (2009); *Yerington Ford, Inc. v. Gen. Motors Acceptance Corp.*, 359 F. Supp. 2d 1075, 1080-81 (D. Nev. 2004), *reversed on other grounds*, 494 F.3d 865 (9th Cir. 2007) (predicting that Nevada would apply the doctrine in the borrower-lender context).   Plaintiff has not alleged anything more than monetary losses in her proposed Second Amended Complaint.   (*See, generally* Motion to Amend, pp. 4-52.)   In short, Plaintiff's proposed new claim for negligence is unsustainable.   Accordingly, the proposed amendments to the complaint are futile, and the Motion to Amend should be denied.

---

[1]  It is well established that there is no fiduciary relationship between borrowers and lenders in arm's length transactions, as occurred here.  *See, e.g.*, *Cascade Invs., Inc. v. Bank of Am.*, 2000 WL 1842945, at *3 (D. Nev. Sept. 29, 2000) ("the law does not recognize a fiduciary relationship between a lender and a borrower"); *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 882 (9th Cir. 2007) ("the Nevada Supreme Court would not recognize a fiduciary relationship as a matter of law between a lender and borrower").

## IV. CONCLUSION

Plaintiff's Motion to Amend must be denied for at least two reasons.  First, Plaintiff has brought the Motion in an apparent attempt to needlessly prolong this unfounded litigation.  Second, Plaintiff's proposed amendments are futile in any event.  In short, for the reasons set forth herein, Defendants respectfully request that Plaintiff's Motion to Amend be denied.  To the extent the Court may be inclined to grant the Motion, Defendants respectfully request that the Court specifically find that no further motions to amend pleadings by Plaintiff will be entertained at this early stage of the litigation, so that the parties can proceed in the ordinary course.

DATED this __26__ day of July, 2012.

SMITH LARSEN & WIXOM

Kent F. Larsen, Esq.
Nevada Bar No. 3463
Katie M. Weber, Esq.
Nevada Bar No. 11736
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendants
JPMorgan Chase Bank, N.A., individually
and as an acquirer of certain assets and liabilities of
Washington Mutual Bank, FA from the FDIC,
acting as receiver, and California Reconveyance
Company

6

**SMITH LARSEN & WIXOM**
A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this _26_ day of June, 2012, a true copy of the foregoing **Defendants' Opposition to Plaintiff's Motion for Leave of Court to Allow Plaintiff to Amend Complaint (Docket No. 18)** was filed electronically via the court's CM/ECF system and served by mail, postage prepaid, to the following:

Hanh Nguyen
2131 E. Camero Ave.
Las Vegas, NV  89123
Plaintiff in Pro Per


an employee of Smith Larsen & Wixom

7