FILED RECEIVED
ENTERED SERVED ON
COUNSEL/PARTIES OF RECORD

2012 AUG -6 P 2: 11

CLERK U.S. DISTRICT COURT
DISTRICT OF NEVADA

BY __________ DEPUTY

Hanh Nguyen, Plaintiff *pro se*
2131 E. Camero Avenue
Las Vegas, NV 89123
702-752-8382

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

HANH NGUYEN,
Plaintiff,
v.
WASHINGTON MUTUAL, BANK N.A., *et al.*,
Defendants.

Case No.: 2:11-cv-01799-LRH-RJJ

PLAINTIFF'S MOTION TO STRIKE — FRCP 12(f)

I have received my service copy of "DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE OF COURT TO ALLOW PLAINTIFF TO AMEND COMPLAINT (DOCKET NO. 18)"[1]

This Motion is timely

I see from the same docket # "Replies due by 8/5/2012."

FRCP 12(f) provides this court with the authority to strike "an insufficient defense or any redundant, immaterial, **impertinent, or scandalous matter**. The court may act: . . . . . (2) **on motion made by a party . . . before responding to the pleading** . . . . ." (my emphasis).[2]

Because 8/5 is Sunday, a day this court is closed, so long as I file and serve this no later than Monday, August 6th, then all should consider this to be timely filed and served.

1 *See* Docket #19

2 "impertinent . . . See IRRELEVANT"; **"scandalous matter.** Civil procedure. A matter that is both grossly disgraceful (or defamatory) and irrelevant to the action or defense. . ." Black's Law Dictionary, Eighth Edition, pages 769, 1372

# MOTION TO STRIKE

I move this court to strike from Defendants' Opposition as impertient and/or scandalous matters, as shown here by the parts with strikethroughs:

"MEMORANDUM OF POINTS AND AUTHORITIES

"I. INTRODUCTION

"Plaintiff Hanh Nguyen filed this action in state court, ~~apparently in an attempt to avoid nonjudicial foreclosure proceedings on her property,~~ and Defendants removed the action to this Court. Shortly after removal, Plaintiff sought leave to amend her complaint, which request was granted. (See Docket Nos. 10 and 15.) Since then, Plaintiff has sought to amend the complaint two more times, including the instant request. (See Docket Nos. 16 and 18.) ~~This judicial gamesmanship must stop, and~~ Defendants therefore respectfully submit that the pending Motion to Amend should be summarily denied to allow the parties to proceed with this litigation."[3]

"II. LEGAL STANDARD

"~~Plaintiff's Motion to Amend must be denied because it has been brought for an improper purpose; i.e., to needlessly prolong this baseless litigation. Likewise,~~ the Motion should be denied because the proposed "Second Amended Complaint" is futile in that the only additional claim for relief sought to be added is legally unsustainable."[4]

"III. ARGUMENT

"A. The Motion to Amend Should Be Denied ~~Because It Has Been Brought in Bad Faith~~

"~~It is clear that Plaintiff seeks leave to amend to delay the inevitable: the trustee's sale of the subject property and subsequent eviction from the premises.~~ A court has discretion to deny leave to amend where it is sought in bad faith. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

---

3 Found on PACER @ *Case 2:11-cv-01799-LRH -RJJ Document 19 Filed 07/26/12 Page 3 of 7*

4 Also found on PACER @ *Case 2:11-cv-01799-LRH -RJJ Document 19 Filed 07/26/12 Page 3 of 7*

> ~~Plaintiff has continued to reside in the subject property since her default without making any payments on her mortgage loan. The longer this matter remains in litigation, the longer Plaintiff continues to reside rent-free. Thus, Plaintiff s intentions are to further delay this litigation and extend her rent-free possession of the property.~~ However, delay is an improper reason to seek leave to amend. See *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). This, alone, is reason enough to deny the Motion to Amend. Thus, Plaintiff should not be given leave, yet again, to amend her complaint to further delay these proceedings."[5]
>
> "IV. CONCLUSION
>
> "Plaintiff s Motion to Amend must be denied ~~for at least two reasons. First, Plaintiff has brought the Motion in an apparent attempt to needlessly prolong this unfounded litigation. Second,~~ Plaintiff s proposed amendments are futile in any event. In short, for the reasons set forth herein, Defendants respectfully request that Plaintiffs Motion to Amend be denied. To the extent the Court may be inclined to grant the Motion, Defendants respectfully request that the Court specifically find that no further motions to amend pleadings by Plaintiff will be entertained at this early stage of the litigation, so that the parties can proceed in the ordinary course."[6]

It seems Defendants wish the court to buy its bare opinion I am merely delaying the inevitable of its foreclosure on my home. This claim is not supported by citation of any relevant authority whatsoever. This court has said in *In re Lemons & Associates, Inc.*, 67 B.R. 198, 216 (D. Nev. 1986) (my emphasis added in boldface):

> "Although a deed of trust is an interest in real property for some purposes, it is actually a device used to secure payment due under a promissory note, which is personalty. **In order to claim the benefit of the security, a party must first establish his interest in the note itself.** While transfer of an interest in the note conveys the benefit of the security as a matter of law, the deed of trust alone is of no value without the note it secures. *See*

5 Also found on PACER @ *Case 2:11-cv-01799-LRH -RJJ Document 19 Filed 07/26/12 Page 4 of 7*

6 Also found on PACER @ *Case 2:11-cv-01799-LRH -RJJ Document 19 Filed 07/26/12 Page 6 of 7*

> *Columbia Pacific Mortgage*, 20 B.R. at 263; *In re Kennedy Mortgage Co.*, 17 B.R. 957, 965 (Bankr.D. N.J.1982); *Hill v. Favour*, 52 Ariz. 561, 84 P.2d 575, 578 (1938); *Giorgi v. Pioneer Title Insurance Co.*, 85 Nev. 319, 454 P.2d 104 (1969). See also Kransnowiecki, Miller & Ziff, *The Kennedy Mortgage Co. Bankruptcy Case; New Light Shed on the Position of Mortgage Warehousing Banks*, 56 Am.Bankr.L.J. 325, 333 (1982) (hereinafter cited as New Light). Since "the debt is the principal thing,"with the security merely an accessory, *New Light, supra* at 333, **any investor who wishes to claim an interest in the underlying real property as security must first establish his interest in the note** under § 541(d) as outlined above."

I do not see where Defendants have so far cited any relevant Nevada state law to support its claims.[7] Nor have these Defendants mention the Nevada Supreme Court's recent decisions in *Pasillas v. HSBC Bank USA*, 127 Nev. ___, 255 P.3d 1281 (2011), and *Leyva v. National Default Servicing Corp.*, 127 Nev. ___, ___ 255 P.3d 1275 (2011), nor have they cited *anything* from this state's Negotiable Instruments law.[8] I submit at least the above portion of Defendants' supporting memorandum are completely irrelevant, impertient and scandalous where they push the boundaries of the kind of fairness and equality before the law I am guaranteed.

SUMMARY

Defendants have shown how flimsy their claim to my property really is. I do intend in the near future to submit a new motion for leave to amend with a new amended complaint under 28 U.S.C.A. Chapter 151 and FRCP 57.

---

7 Because this case involves real property, state law determines it. *Butner v. United States*, 440 U.S. 48, 54 (1979)

8 NRS 104, Article 3; and from *Leyva v. National Default Servicing Corp.* under "Mortgage Note": "The proper method of transferring the right to payment under a mortgage note is governed by Article 3 of the Uniform Commercial Code-*Negotiable Instruments, because a mortgage note is a negotiable instrument. *Birkland v. Silver State Financial Services, Inc.*, No. 2:10-CV-00035-KJD-LRL, 2010 WL 3419372, at *4 (D. Nev. Aug. 25, 2010)."

## RELIEF REQUESTED

This court's finding the above designated parts of Defendants' Opposition are impertinent and/or scandalous matter, and its Order striking those parts.

I expressly reserve the right to amend or supplement this Motion if I believe it is needed. I also reserve my right to have the court construe this paper according to FRCP 1 and 8(e) and all other applicable law.

*Submitted with all rights reserved on August 6, 2012*

*Hanh Nguyen, Plaintiff pro se*

*I mailed a true copy to Defendants' attorneys*