Kent F. Larsen, Esq.
Nevada Bar No. 3463
Katie M. Weber, Esq.
Nevada Bar No. 11736
SMITH LARSEN & WIXOM
Hills Center Business Park
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel:  (702) 252-5002
Fax:  (702) 252-5006
Email: kfl@slwlaw.com
       kw@slwlaw.com
Attorneys for Defendants
JPMorgan Chase Bank, N.A., individually
and as an acquirer of certain assets and liabilities of
Washington Mutual Bank, FA from the FDIC,
acting as receiver, and California Reconveyance
Company

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HANH NGUYEN, | CASE NO.  2:11-cv-01799-LRH-RJJ |
| Plaintiff, | |
| v. | |
| WASHINGTON MUTUAL, BANK N.A.; JPMORGAN CHASE BANK, N.A.; CALIFORNIA RECONVEYANCE COMPANY; and DOE individuals 1 to 100, inclusive; and ROE corporations 1 to 30, inclusive, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE** |
| Defendants. | |

Defendants JPMorgan Chase Bank, N.A., individually and as an acquirer of certain assets and liabilities of Washington Mutual Bank, F.A. from the Federal Deposit Insurance Corporation, acting as receiver ("Chase"), and California Reconveyance Company ("CRC") (collectively, "Defendants"), by and through their undersigned counsel, hereby oppose

("Opposition") Plaintiff Hanh Nguyen's Motion to Strike – FRCP 12(f) (Docket No. 20) (the "Motion to Strike"). Defendants' Opposition is supported by the following memorandum of points and authorities, the record herein, and any argument the Court may hear on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff's Motion to Strike must be summarily denied because Fed. R. Civ. P. 12(f) does not provide a mechanism for striking, in whole or in part, an opposition to a motion. Specifically, Rule 12(f) allows a Court to strike "from a **pleading** … any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). In turn, Fed. R. Civ. P. 7 defines a "pleading" as: a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a crossclaim, a third party complaint, an answer to a third-party complaint, and a reply to an answer, where ordered by the Court. Fed. R. Civ. P. 7(a). Because Defendants' Opposition to Plaintiff's Motion for Leave of Court to Allow Plaintiff to Amend Complaint, which is, clearly, an opposition to a motion, does not fall within the limited list of documents set forth in Rule 7(a), it is not a pleading. Accordingly, Rule 12(f) provides no support for the relief sought by Plaintiff here. *See, e.g., Schilling v. Crawford*, 2007 WL 2790623, at *5 (D. Nev. Sept. 21, 2007) (the plain language of Rule 12(f) provides no basis for striking documents that are not "pleadings"); *Great Am. Ins. Co. of NY v. Vegas Construction Co., Inc.*, 2007 WL 2375056, at *2 (D. Nev. Aug. 15, 2007) (Rule 12(f) governs pleadings, "not motions or other filed papers.").

Moreover, even if Rule 12(f) did allow for striking an opposition to a motion, and it does not, application of that rule would still be inappropriate here. As an initial matter, motions to strike are disfavored in the federal courts. *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003); *Furman v. Sierra Pacific Resources*, 1993 WL 331014,

at *1 (D. Nev. May 18, 1993). Here, Plaintiff requests that the Court strike certain references to her failure to make payments on her mortgage, and references to her clear intent to needlessly delay this litigation. (Motion to Strike, pp. 2-3.) With respect to the first point, Plaintiff has not denied that she continues to reside in the subject property rent-free. Indeed, her failure to make any payments on the subject loan since December of 2009, nearly <u>three years ago</u>, is a matter of public record. (*See* a copy of a Notice of Default and Election to Sell under Deed of Trust, attached hereto as Exhibit A.)[1] Thus, any argument that references to her failure to make such payments is somehow "scandalous" or "impertinent" falls flat.

Likewise, her clear intent to delay this litigation is evidenced by the filings in this case. Since the first iteration of the Complaint was filed in October of 2011, Plaintiff has filed no less than three motions for leave to file amended complaints. (*See* Docket Nos. 10, 16, and 18.) Incredibly, she has now indicated in her Motion to Strike that she intends to file <u>yet another motion for leave to amend her complaint</u>! (*See* Motion to Strike, at p. 4.) Given the history of her filings in this action, Plaintiff cannot reasonably argue that she is not purposely delaying the litigation.

Finally, Plaintiff argues that Defendants "have not cited to any relevant state law to support [their] claims." (*Id.*) This nonsensical allegation presupposes that: (1) Defendants have asserted claims in this action (and they have not); and (2) Defendants have been given an opportunity to defend the substantive claims asserted by Plaintiff (and they have not). Indeed, Defendants respectfully submit that they will be citing to relevant case law in connection with seeking the dismissal of this action, as soon as Plaintiff's various motions for leave to amend are decided. Plaintiff should not be permitted to drag this litigation on any further.

---

[1] Defendants request that the Court take judicial notice of this recorded document. *See, e.g.*, NRS. 47.130.

3

For all of the reasons set forth herein (and in the Opposition to Plaintiff's Motion for Leave of Court to Allow Plaintiff to Amend Complaint, Docket No. 19), Defendants respectfully request that the Motion to Strike be summarily denied.

DATED this 22 day of August, 2012.

SMITH LARSEN & WIXOM

_____
Kent F. Larsen, Esq.
Nevada Bar No. 3463
Katie M. Weber, Esq.
Nevada Bar No. 11736
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendants
JPMorgan Chase Bank, N.A., individually
and as an acquirer of certain assets and liabilities of
Washington Mutual Bank, FA from the FDIC,
acting as receiver, and California Reconveyance
Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22 day of August, 2012, a true copy of the foregoing **Defendants' Opposition to Plaintiff's Motion to Strike** was filed electronically via the court's CM/ECF system and served by mail, postage prepaid, to the following:

Hanh Nguyen
2131 E. Camero Ave.
Las Vegas, NV 89123
Plaintiff in Pro Per

_____
an employee of Smith Larsen & Wixom

4