Hanh Nguyen, Plaintiff *pro se*
2131 E. Camero Avenue
Las Vegas, NV 89123
702-752-8382



2012 SEP -4  P 12: 58

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| HANH NGUYEN,<br><br>                Plaintiff,<br>v.<br><br>WASHINGTON MUTUAL, BANK N.A.,<br>*et al.*,<br>                Defendants. | Case No.: 2:11-cv-01799-LRH-RJJ<br><br>PLAINTIFF'S REQUEST FOR<br>JUDICIAL NOTICE – FRE 201(d) |

    I note FRE 201(d) provides "A court shall take judicial notice if requested by a party and supplied with the necessary information." And FRE 201(f) provides "Judicial notice may be taken at any stage of the proceeding."

    I provide here the recent deposition of Lawrence Nardi, the operations unit manager and a mortgage officer for JPMorgan Chase Bank, N.A., who was previously with WaMu and was picked up by JPM after WaMu's failure. The 330 page deposition was taken by counsel for the homeowner on May 9, 2012, in the matter of JPMorgan Chase Bank, N.A. as successor in interest to *Washington Mutual Bank v. Waisome*, Florida 5th Judicial Circuit Case No. 2009-CA-005717. Rather than burden this court by printing the entire 330-page deposition, I have provide the internet link where all can see it, review and download it @

    ***http://www.stellionata.com/in-the-news/38-headlines/7662-120509-jpmc-v-waisome-lawrence-nardi-deposition***

    I understand and expect Defendants to challenge its admissibility. So on request I will contact the court reporter shown for a certified/authenticated copy of the full transcript.

    The instant relevance of this deposition is this: Mr. Nardi confirmed under oath and in print there is no schedule of mortgage loans evidencing what JPM allegedly "purchased" from the FDIC in connection with the failure of WaMu. Specifically, with my own emphasis here in boldface:

    "Q: Okay. The — **are you aware of any type of schedule of loans that would have been created to represent the — either the loans that**

Page 1 - REQUEST FOR JUDICIAL NOTICE

were asset loans or the loans that were serviced by WAMU? Are you — was the — do you know if there is a schedule or database of loans like that?"[1]

"A: **I know that there was a schedule contemplated in certain documents related to the purchase. That schedule has never materialized in any form. We've looked for it in countless other cases. We've never been able to produce it in any previous cases.** It would certainly be a wonderful thing to have, but it's — as far as I know, it doesn't exist, although it was — it was contemplated in the documents."[2]

"Q: Have you ever in your duties of being a loan analyst — a loan operations specialist, **have you ever seen an FDIC bill of sale or a receiver's deed or an assignment of mortgage or an allonge?**

"A: For loans, I'm assuming you're talking about the WaMu loan that was subject to the purchase here."[3]

"A: **No there is no assignments of mortgage. There's no allonges. There's no — in the thousands of loans that I have come into contact with that were a part of this purchase, I've never once seen an assignment of mortgage. There is simply not — they don't exist. Or allonges or anything transferring ownership from WAMU to Chase, in other words.** Specifically, endorsements and things like that."[4]

I expressly reserve the right to amend or supplement this Request if I believe it is needed. I also reserve my right to have the court construe this Request according to FRCP 1 and 8(e) and all other applicable law.

*Submitted with all rights reserved on September 4, 2012.*

Hanh Nguyen, Plaintiff *pro se*

*I mailed a true copy to Defendants' attorneys*

---

1 page 57, beginning at line 19
2 page 58, beginning at line 1
3 beginning at page 260, line 18; Answer starts at line 23
4 page 261, beginning at line 2

Page 2 - REQUEST FOR JUDICIAL NOTICE