Kent F. Larsen, Esq.
Nevada Bar No. 3463
Katie M. Weber, Esq.
Nevada Bar No. 11736
SMITH LARSEN & WIXOM
Hills Center Business Park
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel:  (702) 252-5002
Fax:  (702) 252-5006
Email: kfl@slwlaw.com
       kw@slwlaw.com
Attorneys for Defendants
JPMorgan Chase Bank, N.A., individually
and as an acquirer of certain assets and liabilities of
Washington Mutual Bank, FA from the FDIC,
acting as receiver, and California Reconveyance
Company

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HANH NGUYEN, | CASE NO.  2:11-cv-01799-LRH-RJJ |
| Plaintiff, | |
| v. | |
| WASHINGTON MUTUAL, BANK N.A.; JPMORGAN CHASE BANK, N.A.; CALIFORNIA RECONVEYANCE COMPANY; and DOE individuals 1 to 100, inclusive; and ROE corporations 1 to 30, inclusive, | **DEFENDANTS' OBJECTION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE** |
| Defendants. | |

Defendants JPMorgan Chase Bank, N.A., individually and as an acquirer of certain assets and liabilities of Washington Mutual Bank, F.A. from the Federal Deposit Insurance Corporation, acting as receiver ("Chase"), and California Reconveyance Company ("CRC") (collectively, "Defendants"), by and through their undersigned counsel, hereby lodge their

objection ("Objection") to Plaintiff Hanh Nguyen's ("Plaintiff") Request for Judicial Notice – FRE 201(d) (Docket No. 22) (the "RJN"). Defendants' Objection is supported by the following memorandum of points and authorities, the record herein, and any argument the Court may hear on this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants object to Plaintiff's RJN because the proposed deposition testimony sought to be judicially noticed cannot be "accurately and readily determined from sources whose accuracy cannot be reasonably be questioned." FRE 201(b)(2).[1] Indeed, Plaintiff acknowledges that she "understand[s] and expect[s] Defendants to challenge" the admissibility of the purported deposition transcript. (RJN, p. 1.) This is because the transcript is not certified or otherwise authenticated via affidavit or otherwise, and is merely posted on a blog that is of unknown origin or authorship. Indeed, the authenticity of <u>any</u> document posted on the website cited in Plaintiff's RJN can be easily questioned, and thus is not properly judicially noticed.

Moreover, the alleged deposition was taken in connection with a Florida case that has no bearing, relevance, or precedence with respect to the instant matter. While Plaintiff asserts that the deposition is relevant because the deponent testified that he is not aware of any schedule evidencing which loans were purchased by Chase from the Federal Deposit Insurance Corporation ("FDIC") (*see* RJN, p. 1), his lack of awareness of such a schedule does not confirm that there is no such schedule, as Plaintiff implies. In any event, the lack of a schedule to the purchase and assumption agreement between Chase and the FDIC is not an issue that has been raised by Plaintiff in the instant litigation. (*See generally* Complaint; *see also* Proposed Amended Complaint, Docket No. 10-1.) Indeed, the RJN is premature in this action because it

---

[1] Likewise, the purported deposition testimony does not constitute a fact "generally known" within this District. *See* FRE 201(b)(1).

does not coincide with any pending substantive motion. Procedurally, it is unknown at this stage of the litigation what Plaintiff's claims are, given that she has filed multiple requests to amend her complaint, and has indicated that she still intends to file yet another motion to amend. (*See* Docket Nos. 10, 16, 18, and 20.)

For all of the foregoing reasons, Defendants respectfully request that the RJN be summarily denied.

DATED this 11 day of September, 2012.

SMITH LARSEN & WIXOM

Kent F. Larsen, Esq.
Nevada Bar No. 3463
Katie M. Weber, Esq.
Nevada Bar No. 11736
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendants
JPMorgan Chase Bank, N.A., individually
and as an acquirer of certain assets and liabilities of
Washington Mutual Bank, FA from the FDIC,
acting as receiver, and California Reconveyance
Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12 day of September, 2012, a true copy of the foregoing **Defendants' Objection to Plaintiff's Request for Judicial Notice** was filed electronically via the court's CM/ECF system and served by mail, postage prepaid, to the following:

Hanh Nguyen
2131 E. Camero Ave.
Las Vegas, NV 89123
Plaintiff in Pro Per

_____
an employee of Smith Larsen & Wixom

4