Kent F. Larsen, Esq.
Nevada Bar No. 3463
Katie M. Weber, Esq.
Nevada Bar No. 11736
SMITH LARSEN & WIXOM
Hills Center Business Park
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel:  (702) 252-5002
Fax:  (702) 252-5006
Email: kfl@slwlaw.com
            kw@slwlaw.com
Attorneys for Defendants
JPMorgan Chase Bank, N.A., individually
and as an acquirer of certain assets and liabilities of
Washington Mutual Bank, FA from the FDIC,
acting as receiver, and California Reconveyance
Company

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HANH NGUYEN, | CASE NO.  2:11-cv-01799-LRH-RJJ |
| Plaintiff, | |
| v. | |
| WASHINGTON MUTUAL, BANK N.A.; JPMORGAN CHASE BANK, N.A.; CALIFORNIA RECONVEYANCE COMPANY; and DOE individuals 1 to 100, inclusive; and ROE corporations 1 to 30, inclusive, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST TO EXTEND TIME TO FILE AMENDED COMPLAINT (DOCKET NO. 29)** |
| Defendants. | |

Defendants JPMorgan Chase Bank, N.A., individually and as an acquirer of certain assets and liabilities of Washington Mutual Bank, F.A. from the Federal Deposit Insurance Corporation, acting as receiver, and California Reconveyance Company (collectively, "Defendants"), by and through their counsel, Smith Larsen & Wixom, hereby file their opposition (the "Opposition") to

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

the Request to Extend Time to File Amended Complaint (the "Motion") filed by Plaintiff Hanh Nguyen ("Plaintiff").

This Opposition is supported by the following Memorandum of Points and Authorities, the record herein, and any argument the Court may consider at a hearing hereon.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. ARGUMENT

While the title of Plaintiff's Motion suggests that she is merely seeking additional time to file the Second Amended Complaint, a closer look at the Motion reveals that what Plaintiff is really seeking is an indeterminate amount of time to consider filing a completely new amended pleading, for which leave has not been granted. (*See* Motion, p. 2; *see also* Order dated November 28, 2012.) To the extent Plaintiff is asking the Court to allow her to file yet another amended complaint, Defendants strenuously oppose any such request. First, pursuant to Local Rule 15-1(a), any request to file an amended pleading must be accompanied by a copy of the proposed amended pleading. Because Plaintiff has failed to attach any proposed amended complaint to her Motion, any request therein to further amend the operative complaint in this matter is procedurally improper, and should be denied. Moreover, her failure to submit a proposed amended complaint has prejudiced the Defendants, as they do not have an opportunity to contest the filing of the amended complaint on the basis of, for example, futility or bad faith.

Second, this attempt to submit yet another amended complaint constitutes the <u>fourth</u> time that Plaintiff has sought leave to amend the complaint since this action was filed over a year ago. (*See* Docket Nos. 10, 16, 18.) Defendants should not be forced to wait patiently while Plaintiff tries to decide which claims she intends to assert against them. It is well past time for this case to proceed past the initial pleading stage, as it appears Plaintiff is filing amended pleading after amended pleading merely as a delay tactic to avoid the eventual motion to dismiss her

unsustainable claims.

Finally, Plaintiff's request to amend should be denied in any event because it is unnecessary to amend the pleading to "apply and include" the *Edelstein* case, as Plaintiff apparently seeks to do here. (*See* Motion, p. 2.) Even if *Edelstein* applied here, which Defendants specifically deny,[1] Plaintiff has already asserted a claim for wrongful foreclosure in her pending Second Amended Complaint. (*See* Docket No. 18.) Thus, any argument Plaintiff may wish to present as to any alleged requirement *Edelstein* places on a foreclosing bank (*see* Motion, p. 1) may be addressed within the context of that claim.

## II. CONCLUSION

In short, for all of the foregoing reasons, Defendants strenuously oppose any attempt by Plaintiff to file a complaint which differs from the proposed amended complaint previously submitted by Plaintiff on July 9, 2012.

DATED this 11 day of December, 2012.

SMITH LARSEN & WIXOM

Kent F. Larsen, Esq.
Nevada Bar No. 3463
Katie M. Weber, Esq.
Nevada Bar No. 11736
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendants
JPMorgan Chase Bank, N.A., individually
and as an acquirer of certain assets and liabilities of
Washington Mutual Bank, FA from the FDIC,
acting as receiver, and California Reconveyance
Company

---

[1] *Edelstein v. Bank of New York Mellon*, 128 Nev. Adv. Op. 48 (2012), relates to the requirements imposed on a lender within the context of Nevada's Foreclosure Mediation Program ("FMP"). Because Plaintiff has not alleged that she ever participated in the FMP, or brought a petition for judicial review of any foreclosure mediation, the *Edelstein* case is wholly irrelevant to this proceeding.

3

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11 day of December, 2012, a true copy of the foregoing **Defendants' Opposition to Plaintiff's Request to Extend Time to File Amended Complaint (Docket No. 29)** was filed electronically via the court's CM/ECF system and served by mail, postage prepaid, to the following:

Hanh Nguyen
2131 E. Camero Ave.
Las Vegas, NV  89123
Plaintiff in Pro Per

_____
an employee of Smith Larsen & Wixom