UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| HANH NGUYEN, | ) |
| | ) 2:11-cv-01799-LRH-NJK |
| Plaintiff, | ) |
| | ) ORDER |
| vs. | ) |
| | ) |
| WASHINGTON MUTUAL BANK, N.A.; et al., | ) |
| | ) |
| Defendants. | ) |

Before the court is Defendants Washington Mutual Bank, N.A.; JPMorgan Chase Bank, N.A.; and California Reconveyance Company's (collectively, "Defendants") motion to dismiss for failure to state a claim. Doc. #43.[1] Pro se Plaintiff Hanh Nguyen ("Nguyen") has responded to the motion (Doc. #48), to which Defendants have replied (Doc. #49). Also before the court is Defendants' Motion to Expunge Lis Pendens. Doc. #44.

**I.   Facts and Procedural History**

In September 2007, Nguyen purchased real property through a mortgage note and deed of trust originated by Defendants. Eventually, Nguyen defaulted on the mortgage note and Defendants initiated non-judicial foreclosure proceedings.

Subsequently, Nguyen filed a complaint against Defendants for wrongful foreclosure. Doc. #1, Exhibit A. After she filed her initial complaint, the court granted Nguyen leave to file an amended complaint. Doc. #28. After Plaintiff filed her second amended complaint (Doc. #42), Defendants filed the instant motion to dismiss (Doc. #43) and motion to expunge lis pendens (Doc. #44).

---

[1] Refers to the court's docket number.

## II. Legal Standard

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that

1 content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

2 **III.    Discussion**

3    In their motion to dismiss, Defendants included several documents, such as the deed of
4 trust and the purchase agreement to the underlying property. *See* Doc. #43, Exhibits A, B, C, D.
5 Nguyen argues that attaching these documents necessarily transforms Defendants' motion to
6 dismiss into a motion for summary judgment. In this case, however, Defendants' attached
7 documents are unnecessary and the court does not rely on them in its decision.[2] Thus,
8 Defendants' motion is properly treated as a Rule 12(b)(6) motion to dismiss.

9    In her second amended complaint, Nguyen appears to assert only a single claim for
10 declaratory judgment. Declaratory judgment, however, is merely a remedy available for
11 established causes of action, and is not itself a separate cause of action. *Freeto v. Litton Loan*
12 *Servicing LP*, 2010 WL 2730596, at *3 (D. Nev. July 6, 2010). Further, a claim for declaratory
13 judgment alone is insufficient to establish a district court's jurisdiction. *See Stock W., Inc. v.*
14 *Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (holding
15 the Declaratory Judgment Act, 28 U.S.C. § 2201, is not a basis for jurisdiction because the act
16 creates a remedy only). Therefore, the court finds Nguyen fails to state a claim for relief and shall
17 grant Defendants' motion to dismiss

18 ///
19 ///
20 ///

---

[2] Even if the court were to rely on these documents, Defendants' motion may still be properly considered as a Rule 12(b)(6) motion to dismiss. Though courts generally "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion," a court may consider "matters of public record," inasmuch as their factual contents are not "subject to reasonable dispute." *United States v. Corinthian Colls.*, 655 F.3d 984, 998–99 (9th Cir. 2011) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (internal quotation marks omitted). These documents are all matters of public record, and Nguyen does not dispute any of these documents' facts. Thus, the court would be justified in taking judicial notice of these documents, while still maintaining Defendants' motion as a proper Rule 12(b)(6) motion.

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (Doc. #43) is GRANTED. Plaintiff's Second Amended Complaint (Doc. #42) is DISMISSED in its entirety.

IT IS FURTHER ORDERED that Defendants' motion to expunge lis pendens (Doc. # 44) is GRANTED. Defendants shall have ten (10) days from entry of this order to prepare an appropriate proposed order expunging the lis pendens and submit the same for signature.

IT IS SO ORDERED.

DATED this 24th day of July, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE